Raines, Appellant, *v.* Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company.

Argued May 24, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Norman Shigon,* for appellants.

*James B. Doak,* with him *LaBrum & Doak,* for appellee.

OPINION BY MR. JUSTICE JONES, June 25, 1956:

The husband-plaintiff, while at work as an employee of Atlantic Fish Market, Inc., tripped and fell, suf-

fering thereby a physical injury consisting of a sprained ankle and leg. The leg became infected and gangrenous—a condition that finally necessitated amputation whereby the employee was totally incapacitated for his work. Before instituting the present action, the employee filed a claim for compensation with the Workmen's Compensation Board for the injuries above stated, which proceeding is still pending.

The husband-plaintiff, joined by his wife, instituted the instant action in trespass against his employer's compensation insurance carrier, claiming damages on the allegation that the loss of the leg and other aggravations of the original injury were the result of the insurance carrier's failure to furnish him with competent and adequate medical care which the insurance company's representative had allegedly promised.

The defendant filed preliminary objections on the grounds, principally, that the plaintiffs' complaint failed to state a cause cognizable in a common law action, that the husband's remedy was exclusively under the Workmen's Compensation Law and that the wife-plaintiff had no right of recovery for consortium under the law of Pennsylvania. The learned court below sustained the preliminary objections as to the husband's claim and, as to the wife's, held that it was derivative and fell with the husband's. The court therewith dismissed the complaint as to both plaintiffs in an order from which the husband-plaintiff alone has appealed.

The action of the court below was proper. Conceding, *arguendo*, the appellant's point that, although Section 401 of the Workmen's Compensation Act defines an employer as, inter alia, the employer's insurer, the latter's identity is not so merged with the employer's as to relieve the insurer from liability to the injured employee for an independent tort done

him by the insurer. The appellant's claim of the defendant insurance company for other than compensation is apparently based on the theory that the insurance company's failure to furnish him with competent and adequate medical services constituted malpractice —a tort independent of the infliction of the original compensable injury. His citation of *Waldron v. Aetna Casualty & Surety Co.*, 141 F. 2d 230 (C.A. 3), could have no other relevancy. But, that case and the present one are in no way analogous. *Waldron v. Aetna Casualty & Surety Co.*, supra, was a case of positive malpractice in which, as the evidence showed, the insurance company was an active and willing participant. The appellant also quotes from *Howard v. Berg*, 86 D. & C. 358, 363-364, to the effect that there is "nothing in the workmen's compensation laws of the Commonwealth which would abrogate the common-law cause of action of an injured employe against a physician or surgeon who by his negligence has caused new injuries or aggravated the original injuries received in the course of employment." However, the appellant pleads no such fault on the part of the defendant or its representative.

Taking the averments of the plaintiff's complaint as true, as we necessarily must in testing preliminarily whether the complaint states a cause of action, the most that the plaintiff avers is that the defendant company, acting by a representative, "did on its own volition and free will assume and obligate itself to provide prompt, adequate and complete medical attention to the plaintiff, George Raines" but that "the defendant did negligently fail to provide such medical care to the grave harm and detriment of the plaintiff, George Raines." The plaintiff further averred that he relied on the representations of the defendant's agent and "discontinued going to doctors of his own

choice and waited for the defendant-insurance company to live up to the terms and conditions of its assumed obligation to provide him with complete, prompt and adequate medical care."

Thus, the appellant pleads the defendant's breach of a gratuitous promise and nothing more. He does not plead a single fact from which could be derived a finding of negligence on the part of the insurance company that was the proximate cause of the aggravation of the appellant's injury.

The defendant company's sole liability to the appellant is under its policy of compensation insurance which it issued to the appellant's employer. The insurance company is a party to the pending compensation proceeding, and the appellant will be able therein to claim for his injuries, including the loss of his leg, once the causal connection between the original sprain and the leg amputation is established: *Hornetz v. Philadelphia & Reading Coal & Iron Co.*, 277 Pa. 40, 41, 120 A. 662.

The order of the court below is affirmed at the appellant's costs.

Mr. Justice MUSMANNO dissents.