Samuel SILVERS

v.

**MARYLAND CASUALTY COMPANY,**
Appellant.

No. 11915.

United States Court of Appeals
Third Circuit.

Argued Nov. 5, 1956.

Decided Dec. 27, 1956.

Rehearing Denied Feb. 13, 1957.

KALODNER, Circuit Judge.

In an action in the United States District Court for the Eastern District of Pennsylvania, based upon diversity of citizenship, was the claim submitted to the jury one within the exclusive jurisdiction of the Pennsylvania Workmen's Compensation Board so that the District Court lacked original jurisdiction to adjudicate plaintiff's right of recovery under that claim?

That question is presented on this appeal from the judgment of the District Court in favor of the plaintiff. The factual background may be summarized as follows:

Plaintiff, Samuel Silvers, was injured on June 15, 1948, while working for Philco Corporation. He received medical attention at the Philco dispensary and was also referred to the clinic of the

Maryland Casualty Company ("Maryland"). Maryland was Philco's insurer against liability to employees under the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq. Silvers was treated simultaneously at the dispensary and clinic until September, 1948, after which he was treated only at the clinic until March, 1949. He filed a claim petition with the Pennsylvania Workmen's Compensation Board against Philco and Maryland under the Pennsylvania Workmen's Compensation Act and after adjudication was awarded compensation for disability commencing March 15, 1949, to October 5, 1949.[1]

■ While the compensation proceeding was pending, plaintiff commenced the present suit against Maryland in the United States District Court for the Eastern District of Pennsylvania for damages for alleged negligent medical treatment by physicians engaged by Maryland to treat his injuries.[2] The action was tried twice, the first trial being terminated by the withdrawal of a juror. At the second trial the District Court ruled that the plantiff's action for negligence was barred by the Pennsylvania Statute of Limitations, not having been brought within the two-year period prescribed by that Act. However, the

District Court did submit to the jury the question of Maryland's liability for failure to provide surgical and medical services to plaintiff. The jury rendered a verdict in favor of the plaintiff in the amount of $438.34,[3] plus interest, and from the judgment entered thereon Maryland appealed.

Both Maryland and plaintiff agree that claims for benefits under the Pennsylvania Workmen's Compensation Act are to be adjudicated exclusively in the forum and in the manner provided by that Act.[4]

Maryland attacks the judgment upon the ground that the District Court lacked original jurisdiction to adjudicate the claim submitted to the jury since it involved benefits provided by the Workmen's Compensation Act.

Plaintiff contends that the claim submitted to the jury involved consideration of a breach of the insurance contract between Maryland and Philco and not benefits provided by the Workmen's Compensation Act.

Under Section 306(f) of the Pennsylvania Workmen's Compensation Act an employer must furnish certain limited medical services to an injured employee for the ninety-day period following a disability.[5] Section 651 of the Pennsyl-

---

1. Silvers v. Philco Corp., 1954, 175 Pa. Super. 246, 103 A.2d 286.

2. It was alleged in the complaint: "Since about July 13, 1948 and continuing through the year 1949, defendant, through its duly authorized agents, servants, representatives, and employees, negligently diagnosed, treated, prescribed for injuries sustained by plaintiff, and failed to take appropriate measures to rectify the condition of plaintiff who had been sent to them for treatment."

3. In the complaint plaintiff alleged a sum of money in excess of the jurisdictional amount. "The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845.

4. The nature of the Workmen's Compensation Act proceeding and the exclusive-

ness of the Workmen's Compensation Board's jurisdiction are explained in American Casualty Co. of Reading v. Kligerman, 1950, 365 Pa. 168, 74 A.2d 169.

5. 77 P.S. § 531:
"During the first ninety days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines, and supplies shall not exceed two hundred and twenty-five dollars. If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof within the above limitations. In addition to the above service, medicines and supplies, hospital treatment, services and supplies shall be furnished by the employer for the

vania Insurance Company Law of 1921[6] provides:

"Every policy of insurance against liability under 'The Workmen's Compensation Act of nineteen hundred and fifteen,' and acts amendatory thereof or supplementary thereto, * * * shall contain the agreement of the insurer to pay all compensation and provide all medical, surgical, and hospital attendance for which the insured employer may become liable under such acts * *. Such agreements shall be construed to be a direct promise to the injured employe * * * and shall be enforceable by action brought in the name of such injured employe * * *."

In his charge to the jury the District Judge read the above sections in connection with the issue of whether Maryland was liable to plaintiff for medical, surgical and hospital expenses. The section of Philco's policies of insurance with Maryland which covered Philco's liability to employees for medical services under the Workmen's Compensation Act was also submitted for the jury's consideration. The District Court further charged that the liability period was limited to the ninety-day period prescribed by the Workmen's Compensation Act in an amount not in excess of $225.00 for medical expenses, and for hospital expenses, an amount not in excess of the prevailing charge for other patients in like hospitals. The factual questions reserved for the jury's consideration were whether, within the meaning of the Workmen's Compensation Act, Maryland had refused to furnish the required services or whether plaintiff had refused to allow the services to be furnished, and the amount of damages.

It is clear that under the Court's charge to the jury a claim for benefits under the Workmen's Compensation Act was involved. The claim was based upon Section 306(f) of the Act, and, as such, was within the exclusive jurisdiction of the Pennsylvania Workmen's Compensation Board.

Plaintiff relies on the "full medical endorsement" contained in the policy. The endorsement provides that "* * * * in addition to the payment of the medical benefits provided in the Pennsylvania Workmen's Compensation Act * * *" Maryland will furnish medical services necessary for the treatment of the employee "* * * providing the employee is entitled to receive compensation for such injury in accordance with the Pennsylvania Workmen's Compensation Act * * *."[7] (Emphasis supplied.) Whatever the scope of this endorsement may be, and it seems clear that it does provide for benefits above and beyond those provided for in the Workmen's Compensation Act, the claim submitted to the jury was, however, one within the Workmen's Compensation Act. The District Judge specifically declined to submit for the jury's consideration Maryland's liability under the "full medical endorsement." In Waldron v. Aetna Casualty & Surety Co., 3 Cir., 1944, 141 F.2d 230, a diversity action, we implicitly recognized that an employee could proceed against an insurer in the Federal Courts for the enforcement of a contractual undertaking to supply benefits beyond and independent of

said period of ninety days. The cost for such hospital treatment, service and supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals. If the employe shall refuse reasonable surgical, medical and hospital services, treatment, medicines and supplies, tendered to him by his employer, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal * * *."

6. 40 P.S. § 811.

7. The medical endorsements applicable to the years 1948 and 1949 are similar with the exception that whereas the medical endorsement to the 1948 policy contained no limitation on Maryland's liability thereunder, the medical endorsement applicable to 1949 limited the medical benefits under the Workmen's Compensation Act and the additional expenses to $10,000 with respect to each injured employee.

those prescribed by the Pennsylvania Workmen's Compensation Act. However, that case cannot be construed as a holding that the Federal Courts have jurisdiction in an action such as here involved encompassing benefits specifically prescribed by the Workmen's Compensation Act. Cf. Raines v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., 1956, 385 Pa. 464, 123 A.2d 420. Since the District Court treated this action as one involving benefits within the Workmen's Compensation Act, it must be dismissed for lack of jurisdiction. As to the plaintiff's contention that Maryland is now estopped to assert the exclusiveness of plaintiff's remedy, we need only say that jurisdiction cannot be created by estoppel.

For the reasons stated the judgment of the District Court will be reversed.