Raines, Appellant, *v.* Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company.

Argued November 12, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Norman Shigon,* for appellant.

*James B. Doak,* with him *LaBrum and Doak,* for appellee.

OPINION PER CURIAM, January 8, 1958:

The judgment of the court below is affirmed on the following opinion of President Judge BOK:

"Plaintiff sued his employer's compensation carrier: (1) for breach of his statutory duty to provide him with proper medical care, (2) for breach of its agent's promise to provide him with proper medical care, and (3) for negligently breaching its duty to provide him with proper medical care.

"Plaintiff first suffered a sprained ankle, and after gangrene developed, the leg had to be amputated. He asserts that defendant's failure to provide medical care was the cause.

"Defendant filed preliminary objections.

"Plaintiffs sued once before, eodem nomine, at Common Pleas Court No. 7, September Term, 1955, No. 716, on the theory that defendant's failure to provide medical care was malpractice, a tort independent of the original injury. Judge SLOANE sustained preliminary objections and was affirmed by the Supreme Court in 385 Pennsylvania 464 (1956).

"The only difference between the suit in Common Pleas No. 7 and the instant suit is that counts in assumpsit have been added, the theory now being that defendant breached a contract to provide proper medical care. All three counts of the complaint, however, are expressly founded upon the compensation insurance.

"We think that the effort to shift from trespass to assumpsit does not change the situation. The contract that plaintiff seeks to invoke cannot be set up apart from the insurance contract, upon which it depends.

"As the Supreme Court said, at page 467: 'Thus, the appellant pleads the defendant's breach of a gratuitous promise and nothing more. . . . The defendant

company's *sole liability* to the appellant is under its policy of compensation insurance which it issued to the appellant's employer.' (Italics ours.)

"The preliminary objections are sustained and judgment is entered for the defendant."

Judgment affirmed.

Mr. Justice MUSMANNO dissents.