John E. EVANS, Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Defendant.**

Civ. A. No. 65-552.

United States District Court
W. D. Pennsylvania.

Sept. 21, 1967.

Joseph B. Bagley, Pittsburgh, Pa., for plaintiff.

Frederick N. Egler, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

In this diversity case, in which an injured employee sued his employer's workmen's compensation insurance carrier for injuries received due to failure of defendant to inspect the machine on which he was injured, the Court directed a verdict for defendant at the close of plaintiff's evidence.

We rely on the holding of the Supreme Court of Pennsylvania in De-Jesus v. Liberty Mutual Insurance Co., 423 Pa. 198, 223 A.2d 849 (1966), for the law applicable. That case applies Restatement Torts 2d § 323 (1965) and requires proof that when one undertakes to render a service, liability follows for failure to exercise care if (a) the failure increases the risk of harm, or (b) the harm is suffered because of reliance on the undertaking.

The evidence showed that the insurance carrier had visited plaintiff employee's place of work, had made some inspections of other parts, had made no inspection of plaintiff's machine. No reliance by plaintiff on any inspection was shown. It was not shown what an inspection of plaintiff's machine would have produced, or what safety precautions would have been available. The machine was a paper cutting machine, it required sharp knife blades exposed to the paper. Plaintiff was not injured in the ordinary operation of the machine by exposed knife blades which were dangerous in operation. He was injured in dismantling the machine when his

wrench slipped and his hand came in contact with the exposed blade.

No duty on the part of defendant to conduct the inspection was shown. No power of the defendant to compel a change was shown. It was not shown that any voluntary action of defendant increased the risk of harm to plaintiff under the rule of Restatement Torts 2d § 324A.

The Court is convinced that plaintiff's evidence failed to support the claimed cause of action.

### ORDER

And now this 21st day of September, 1967, Plaintiff's Motion for New Trial is denied.