**Maria DeMARTINO, Administratrix of the Estate of Stephano DeMartino, Deceased, Plaintiff,**

**v.**

**ZURICH INSURANCE COMPANY, Defendant.**

**Antonio ACETO, Plaintiff,**

**v.**

**ZURICH INSURANCE COMPANY, Defendant.**

**Civ. A. Nos. 66–1363, 67–1349.**

United States District Court
W. D. Pennsylvania.

Dec. 18, 1969.

Louis C. Glasso, Lawrence Zurawsky and James A. Ashton, Pittsburgh, Pa., for plaintiffs.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

The question raised by Defendant's Motions for Summary Judgment "is whether an employee in Pennsylvania may maintain an action against his employer's workmen's compensation insurance carrier for injuries received in the course of his employment on the grounds that the insurance carrier was negligent in failing to make an effective inspection of the employer's premises and equipment."

This question would appear to be clearly settled in the negative by Brown v. Travelers Insurance Company, 434 Pa. 507, 254 A.2d 27 [1969], when, for the first time, the highest appellate court of Pennsylvania passed directly on the construction of the statute under factual circumstances identical in all material respects to the instant cases. It held that the employer's insurance carrier was immune from suit by inclusion in the applicable definition of the employer.

The plaintiffs argue, however, that a change in the statutory construction of a legislative act cannot be applied retroactively to them because it would interfere with vested rights, particularly contractual rights, acquired pursuant to the law as it prevailed prior to the overruling decision.

This is a diversity case and is determined by the applicable procedural and substantive law of Pennsylvania. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 [1938]. The question, as presented in the motions and briefs of the parties, involves no genuine issue as to any material fact and is subject to determination as a matter of law, Fed.R. of Civ.P. 56.

The consideration of plaintiffs' argument requires an examination of the chronology of events:

(1) Prior to 1963 no appellate court in the state of Pennsylvania had passed upon the specific interpretation of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., on this question. The question was presented but not reached in Raines v. Pa. Threshermen and F. Mut. Cas. Ins. Co., 385 Pa. 464, 123 A.2d 420 [1956] and 391 Pa. 175, 137 A.2d 257 [1958].

(2) In 1963, the Court of Appeals for the Third Circuit decided Mays v. Liberty Mutual Insurance Company, 323 F.2d 174 [3rd Cir., 1963], a diversity case controlled by Pennsylvania law. It noted that "the appellate courts of Pennsylvania have not passed upon the question" (p. 176) and proceeded to decide it. It held that while the "employer" was immune from suit under the Act, the provisions of Art. IV, Sec. 401 of the Act, which include the insurance carrier of the employer under the definition of "employer" were limited to the procedures under Article IV, and did not prevail over the "principal" definition of employer in Art. I, Sec. 103, which did not include the employer's insurance carrier, and thus the insurance carrier was not immune from suit.

3. The fatal accident in this case occurred November 21, 1965. As in the Brown case, supra, the cause of action here arose before the amendment to the Workmen's Compensation Act, 25 January 1966, P.L. 1552, 77 P.S. § 501, which provided that the insurer shall be entitled to all of the employer's immunities. We mention this, not because this

amendment could apply retroactively to deprive the injured plaintiffs of their common law action, see Doane v. Travelers Ins. Co., 266 F.Supp. 504 [E.D.Pa., 1966], but to make clear that we are considering the Act as it applies to causes of action before the Amendment of 1966.

4. Prior to the *Brown* decision, United States District Courts in Pennsylvania followed the *Mays* decision, Evans v. Liberty Mutual Ins. Co., 288 F.Supp. 393 [W.D.Pa., 1967]; Doane v. Travelers Ins. Co., supra. The lower courts in Pennsylvania were split, Adcox v. Pa. Mfg. Assoc. Cas. Ins. Co., 37 Pa.Dist. & Co.R.2d 179 [C.P.Phila., 1964] following the *Mays* decision, and Brown v. Travelers Ins. Co., 37 Pa.Dist. & Co.R.2d 111 [C. P.Phila., 1965] expressly rejecting it.

5. In 1969, the Pennsylvania Supreme Court, in Brown v. Travelers Ins. Co. specifically disagreed with the *Mays* opinion, and held that the proper construction of the Act at the time the cause of action arose [prior to the statutory amendment as in the instant cases] precluded the suit against the employer's insurance carrier. It noted the prior division of opinion on the construction of the Act and added "we must admit in all candor that the question is not free from doubt on the face of the statute." (p. 514 of 434 Pa., p. 29 of 254 A.2d). This doubt is illustrated by the vigorous dissenting opinion of Justice O'Brien concurred in by Justice Roberts, as well as the prior divisions of authority on this issue.

The *Brown* decision does not disclose that the question of retroactive application of this statutory construction was raised.

■ Plaintiff argues that "The overruling of a judicial construction of a statute will not be given retroactive effect. Such a decision will be limited to the effect ordinarily inherent in a legislative change of a statutory rule, that is, merely prospective effect." 20 Am.Jur. 2d, Courts, § 234, and that "The judicial overruling of a precedent should not be given retroactive effect where this would interfere with rights, especially contractual rights, duly acquired pursuant to the law as it prevailed prior to the overruling decision." 20 Am.Jur.2d Courts, § 235. Two leading cases for this proposition are Douglass v. County of Pike, 101 U.S. 677, 25 L.Ed. 968 [1879], and Taylor v. Ypsilanti, 105 U.S. 60, 26 L.Ed. 1008 [1881], both involving the validity of public bond issues sold under prevailing judicial construction of the applicable statutes which was later overruled. Both decisions therefore apply to prevent retroactive application of a change of statutory construction when its effect will nullify contract rights acquired in good faith reliance on the prior construction of the statute.

But, otherwise, "a decision reversing or overruling a prior decision as to the construction of a statute is generally retrospective in its operation and relates back to the enactment of the statute, or to the date of the overruled decision," unless vested rights are acquired in reliance on the overruled decision. 21 C. J.S. Courts § 194, p. 326. This is the Pennsylvania Rule. City of Philadelphia v. Schaller, 148 Pa.Super. 276, 25 A.2d 406 [1942]; Erb, Inc. v. Shell Construction Co., 206 Pa.Super. 388, 213 A.2d 383 [1965]; Buradus v. General Cement Products Co., 356 Pa. 349, 52 A.2d 205 [1947]; See Annot. 10 A.L.R.3d 1371, secs. 4, 5 [1966].

■ Plaintiffs' argument is that they have vested rights, created by the decision in Mays v. Liberty Mutual Insurance Co. supra, interpreting the statute, which decision was the controlling law at the time their causes of action arose. The Pa. Workmen's Compensation Act, 77 P.S. sec. 431, implies an acceptance of its terms at the commencement of the contract of employment. Thus, the terms of the statute are incorporated into the contract of employment. Under this situation, do plaintiffs have any vested rights under the Workmen's Compensation Act to bring suit against the employer's insurance carrier?

It appears to us that the vested rights that accrued to plaintiffs were the rights to the remedies provided by the Workmen's Compensation Act. Dupree v. Barney, 193 Pa.Super. 331, 163 A.2d 901 [1960]. Thus any vested contract rights which plaintiffs have grow out of the Pennsylvania statute, which the Pennsylvania Supreme Court, by its decision, construes as barring any action against the employer's insurance carrier. There is no allegation here that plaintiffs ever entered into any other contract with parties other than the employer by which they became vested with contract rights against such other parties, in reliance upon the prior judicial construction of the statute, as did the purchasers of public bonds in Taylor v. Ypsilanti and Douglass v. County of Pike, supra.

This being a diversity case, we are bound by the law of Pennsylvania. We believe that the Supreme Court of Pennsylvania has rejected such a vested rights claim in making a retroactive application of a judicial change in statutory construction in Painter v. Baltimore and O. R. Co., 339 Pa. 271, 13 A.2d 396 [1940]. There, an injured workman filed in the state court under the Federal Employers' Liability Act, claiming that under decisional law applicable at the time of his injury his sole remedy was under the Federal Employers' Liability Act, and that a later decision overruling the earlier decisions and barring his claim should not be applied "retroactively" to his case, particularly since the time for action under the Pennsylvania Workmen's Compensation law had expired. The Court rejected his contention. "It is based not only upon the false premise that plaintiff had acquired vested rights under the earlier cases although his claim had not yet been adjudicated, but * * *." 13 A.2d p. 398.

In Doane v. Travelers Ins. Co., supra, the District Court faced the problem of whether the Amendment of 1966 would apply retroactively to cut off plaintiff's cause of action. In accordance with the general rule of statutory construction, and the Pennsylvania Statutory Construction Act, 46 P.S. § 556, it held that the amendment was not retroactive. Nevertheless, the District Court followed the *Mays* decision of our Court of Appeals as the binding appellate court construction of the existing statute with this proviso, however: "Unless the law of Pennsylvania has changed since the Court of Appeals decided *Mays*, or it should now appear from decisions of the appellate courts of Pennsylvania that the Court of Appeals incorrectly interpreted the law of Pennsylvania, I must follow the decision of that court." (p. 505 of 266 F.Supp.). We find ourselves in that position now.

We, therefore, find that the claims of both plaintiffs against their employer's workmen's compensation insurance carrier are barred by the rule of Brown v. Travelers Ins. Co. supra.

### Order

And now this 18th day of December, 1969, Motions for Summary Judgment filed by the Defendant in each of the above two actions are granted, and Plaintiffs' Complaints are dismissed.