Antonio ACETO, Appellant,

v.

ZURICH INSURANCE COMPANY.

Maria DE MARTINO, Administratrix of the Estate of Stephano De Martino, Appellant,

v.

ZURICH INSURANCE COMPANY.

Nos. 18502, 18503.

United States Court of Appeals, Third Circuit.

Argued Nov. 19, 1970.

Decided April 7, 1971.

Lawrence G. Zurawsky, Pittsburgh, Pa., for appellants.

William C. Walker, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Chief Judge.

These diversity actions for the wrongful death and negligent personal injury of two workmen arose out of a Pennsylvania industrial accident allegedy caused by defective equipment of the employer. The Pennsylvania Workmen's Compensation Act bars common law recovery against an insured employer by or on behalf of an employee for negligent injury or wrongful death. In an effort to avoid that bar, these actions were brought against the employer's workmen's compensation insurance carrier alleging that its negligence in failing to discover and correct faulty conditions of the employer's equipment was a cause of the accident.

The district court, 307 F.Supp. 571, granted summary judgments for the defendant insurance company upon the authority of Brown v. Travelers Insurance Co., 1969, 434 Pa. 507, 254 A.2d 27. The plaintiffs have appealed.

The accident in suit occurred in 1965. In 1966 the Pennsylvania Workmen's Compensation Act was amended to make explicit the right of a workmen's compensation insurer to the same immunity from an injured employee's suit for personal injury in the course of his employment that the insured employer enjoyed. P.L. 1552 of January 25, 1966, 77 P.S. § 501. But it is conceded that this statute is not applicable to injuries sustained before its enactment. However, in Brown v. Travelers Insurance Co., *supra*, the Supreme Court of Pennsylvania considered a suit, legally indistinguishable from the present one, by an injured employee against his employer's insurance carrier on account of a 1963 accident. The court held that even before the 1966 amendment of the Pennsylvania Act, an insurance carrier was deemed an "employer" within the meaning of the workmen's compensation scheme "and, therefore, shares the employer's immunity from common law liability."

Ordinarily, it could not reasonably be doubted that the *Brown* decision is controlling here. However, the appellants say that *Brown* should not be applied here because in 1963 this court made an interpretation of Pennsylvania law contrary to what the Pennsylvania Supreme Court has more recently held in *Brown*. Mays v. Liberty Mutual Ins. Co., 3d Cir. 1963, 323 F.2d 174. The appellants say they have a "vested right" in this court's interpretation of Pennsylvania law as in effect at the time of this 1965 accident. However, in *Brown* the Pennsylvania Supreme Court carefully considered our earlier decision, found it an incorrect interpretation of Pennsylvania law and subjected the then claimant, who relied on *Mays*, to a contrary ruling.

We find no reason for a different decision in this case. The matter in dispute is the correct interpretation of Pennsylvania law. While this court must often undertake such interpretation, final authority upon all such matters is vested in the highest court of the Common-

wealth. No one may properly rely upon what we have held as more than persuasive on a question of Pennsylvania law so long as the Pennsylvania Supreme Court has not ruled upon that legal question. Thus, the appellant's reliance upon *Mays* in disregard of *Brown* is unwarranted.

Finally, we point out that it is all but incredible that an employee in accepting employment or contemplating a possible industrial accident would in fact consider any outstanding legal decision that his employer's insurance carrier is or is not an "employer" for purposes of common law liability. Even without the *Brown* decision we would be free in this case to reconsider and reject our *Mays* ruling if we deemed it erroneous.

The judgments will be affirmed.