Helen A. GALLICK, Trustee ad litem for heirs of George E. Gallick, Sr., Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 79–1302.

United States District Court, M. D. Pennsylvania.

Jan. 29, 1982.

Opinion on Renewed Motion for Summary Judgment April 22, 1982.

Walter W. O'Hara, John J. Cerra, Carbondale, Pa., for plaintiff.

David C. Shipman, Asst. U. S. Atty., Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This is an action for damages brought under the Swine Flu Act, formerly codified at 42 U.S.C. § 247b(j)–(l) (1976),[1] and the Federal Tort Claims Act (hereinafter FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq. Presently before the Court is a motion for summary judgment filed by the Defendant.[2] The basis of this motion is that Plaintiff's claim for relief is barred by the applicable statute of limitations. For the reasons set forth below, the Defendant's motion will be granted in part and denied in part.

Our review of the materials submitted herein reveals the following facts to be undisputed. On November 21, 1976, at approximately 2:00 p. m., George Gallick, Sr. received the swine flu vaccination from public health officials at the Carbondale Area High School, Carbondale, Pennsylvania. His wife, Helen A. Gallick, the Plaintiff in this action, was with him when he received the inoculation. After receiving the swine flu injection, Plaintiff and her husband drove together to visit the gravesite of his deceased father. While at the cemetery, George E. Gallick, Sr. suffered a fatal heart attack and died at approximately 3:45 p. m.

On February 8, 1979, Plaintiff filed an administrative tort claim with the United States Public Health Service pursuant to § 2675(a) of the FTCA,[3] seeking damages in the amount of $150,000. By letter addressed to Plaintiff's attorney, dated April 18, 1979, the claim was denied by the United States on the grounds that:

"A review of your client's claim indicates that it accrued more than two years prior to the date upon which it was presented. Consequently, any cause of action your client may have had is now barred by the provisions of 28 U.S.C. § 2401(b)."

Thereafter, on November 28, 1979, Plaintiff filed a Complaint in this Court under the FTCA. As previously noted, the Defendant has moved for summary judgment arguing the same rationale for dismissal as set forth in the above letter, namely, that Plaintiff's claim is barred by the applicable statute of limitations.

██ Initially, it is important to characterize the type of death action for which Plaintiff seeks recovery in this case. In doing so, we must look to the law of Pennsylvania since, under the FTCA, it is the law of the state where the act or omission took place which provides the applicable standards of substantive liability. 28 U.S.C. §§ 1346(b), 2672, 2674; *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); see also *Hungate v. United States*, 626 F.2d 60 (8th Cir. 1980); *Di Salvatore v. United States*, 456 F.Supp. 1079 (E.D.Pa.1978). Upon the death of an individual occurring in this state, two modes of legal action exist, as explained by the

1. The Swine Flu Act no longer appears in Title 42. See Health Services and Centers Amendments of 1978, Pub.L.No.95–626, 92 Stat. 3551. All citations herein are to the section as it read prior to the 1978 Amendment.

2. Actually, Defendant's motion was captioned as a "Motion to Dismiss, or in the alternative, for Judgment on the Pleadings and/or for Summary Judgment." However, because we have undertaken to consider matters outside the pleadings in our discussion, it is appropriately treated as a motion for summary judgment under Fed.R.Civ.P. 56. See 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2713 (1973).

3. The Swine Flu Act took a unique approach to the problem of liability. Under the Act, "program participants", including both the vaccine manufacturers and the persons and organizations that would actually be giving the inoculations, became protected parties who would bear only a limited degree of liability. 42 U.S.C. § 247b(k)(1). A claim that would otherwise have been available against a program participant instead would be brought against the United States, under the procedures of the FTCA, with the United States substituting for the program participant as the party defendant. 42 U.S.C. § 247b(k)(2)(A).

Supreme Court of Pennsylvania in *In re Pozzuolo's Estate*, 433 Pa. 185, 192, 249 A.2d 540 (1969):

> In Pennsylvania there are two possible actions through the medium of which relatives, heirs and next of kin of a decedent can recover damages for the death of the decedent, i.e., a wrongful death action [4] and a survival action.[5] A wrongful death action is intended to secure compensation to certain-statutorily designated relatives of the decedent.... Any sum recovered in a wrongful death action does not become an asset of the decedent's estate ....
>
> The second type of action is a survival action ..., which is brought by the personal representative of the decedent and is an action which decedent himself could have instituted had he survived. Since such an action is brought, in effect, on behalf of the decedent, the amount recovered becomes part of his estate .... (citations omitted).

See also *Pantazis v. Fidelity & Deposit Company of Maryland*, 369 Pa. 221, 85 A.2d 421 (1952); *McClinton v. White*, 285 Pa.Super. 271, 427 A.2d 218 (1981). Although the survival and wrongful death statutes confer a right to recover damages growing out of a single incident, i.e., the negligence or other fault of the defendant causing the decedent's death, nevertheless, the rights of action are separate and distinct, and cumulative not alternate. *Schwab v. Oesterling & Son, Inc.*, 386 Pa. 388, 392, 126 A.2d 418 (1956); *McClinton v. White, supra*, 427 A.2d at 222.[6]

After reviewing the Complaint in the instant case, the Court finds that the Plaintiff has adequately pled a cause of action under both the wrongful death and survival statutes of Pennsylvania. While

the Plaintiff has not clearly delineated his claims as such, nevertheless, such technical exactness is not necessary under federal rules of pleading, which require only that a plaintiff set forth a "short and plain statement" of his claim for relief. Fed.R.Civ.P. 8(a)(2). Moreover, under the rules, "[a]ll pleadings ... [are to] be so construed as to do substantial justice." Fed.R.Civ.P. 8(f). As noted by the Court in *Jenkins v. Fidelity Bank*, 365 F.Supp. 1391, 1398 (E.D.Pa.1973):

> It is well established that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. It is not necessary to set out a legal theory on which the claim is based.... A complaint is not to be dismissed because the plaintiff has misconceived the proper legal theory of the claim. But it is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, regardless of whether it asks for the proper relief. (citation omitted).

See also *American Medicorp, Inc. v. Humana, Inc.*, 445 F.Supp. 573, 587 (E.D.Pa.1977) ("Notice pleading necessarily requires that a complaint be liberally construed."); *Kleinschmidt v. Universal Seafood Company*, 201 F.Supp. 96, 99 (E.D.Pa.1961) (in determining whether complaint sufficiently alleges a survival action, Court "must consider the Complaint as a whole and interpret the pleading liberally."); see generally 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1286 (1969). In addition to these principles of pleading construction, further support for our finding that Plaintiff intended to bring both a wrongful death and survival action can be gleaned from the administrative tort claim she filed on February 8, 1979, pursuant to 28 U.S.C. § 2675 [7] (Defendant's Brief, filed August

4. See 12 P.S. § 1601 *et seq.*, now substantially re-enacted as 42 Pa.C.S.A. § 8301 (1978).

5. See 20 Pa.C.S.A. §§ 3371–3373 (1972).

6. See *McClinton v. White, supra*, for a good discussion of the difference in the measure of damages recoverable in wrongful death and survival actions in Pennsylvania.

7. 28 U.S.C. § 2675 (1966) provides in pertinent part: (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

20, 1981, Exh. # 2). Therein Plaintiff clearly set forth, in Items 10(B) and 10(C), that her request for damages was based upon a "Survival Action" and "Wrongful Death" claim against the United States.[8] There is no indication from the record now before us that Plaintiff chose to abandon one of these causes of action when she subsequently filed suit in federal court. Thus, a fair reading and reasonable construction of the instant Complaint leads the Court to conclude that Plaintiff intended to and did sufficiently plead two distinct causes of action, one under Pennsylvania's Wrongful Death Act and another under the Survival Act. Having established this, we must now consider the merits of Defendant's statute of limitations defense as to each of these actions.

As noted, the Swine Flu Act provides that claims for injuries due to the swine flu vaccine must be brought against the United States under the procedures of the FTCA. 42 U.S.C. § 247b(k)(2)(A). The limitations period for commencing an action under the FTCA is contained in 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months, after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. (emphasis added).

The determination of when a "claim accrues" under this statutory provision is a matter of federal, not state law. *Ciccarone*

*v. United States*, 486 F.2d 253, 256 (3d Cir. 1973); see also *Garrett v. United States*, 640 F.2d 24 (6th Cir. 1981); *Ware v. United States*, 626 F.2d 1278 (5th Cir. 1980); *Exnicious v. United States*, 563 F.2d 418 (10th Cir. 1977).

With these principles in mind, we turn first to consider the wrongful death aspect of Plaintiff's Complaint. Under the FTCA it is well settled that a wrongful death claim accrues on the date of the death. *Garrett v. United States, supra*, 640 F.2d at 26; *Kington v. United States*, 396 F.2d 9, 12 (6th Cir.), *cert. denied*, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968); *Wolfenbarger v. United States*, 470 F.Supp. 943, 944 (E.D.Tenn.1979); *Pringle v. United States*, 419 F.Supp. 289, 291 (D.S.C.1976). In this case, it is undisputed that the Plaintiff's late husband, George E. Gallick, Sr., died on November 21, 1976 (Complaint, ¶¶ 5, 10). Furthermore, it is admitted by Plaintiff that she did not file an administrative tort claim with the appropriate federal agency until February 8, 1979 (Complaint, ¶ 47), more than two years after the date of the death of her husband. Therefore, since it is apparent from the face of the Complaint that Plaintiff's wrongful death claim was not filed within two years after such claim accrued, this cause of action is time-barred. Accordingly, Defendant is entitled to summary judgment on this portion of Plaintiff's case.

We must next consider the timeliness of Plaintiff's survival action. In *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the United States Supreme Court held that a claim for personal injuries "accrues" within the

have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of

the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

**8.** Indeed, at the administrative level Plaintiff allocated her $150,000 damage claim by requesting $100,000 in the survival action and $50,000 for wrongful death.

meaning of § 2401(b) when the plaintiff knows *both the existence and the cause of his injury*, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence. *Id.* at 117–25, 100 S.Ct. at 356–360 (emphasis added). While *Kubrick* dealt solely with the accrual of a personal injury claim, rather than a survival action, nevertheless, it is logical that the same rule should govern both, since a cause of action under the Survival Act merely continues in the deceased's personal representatives the right of action for personal injuries which accrued to the deceased at common law because of the defendant's tort. *Piacquadio v. Beaver Valley Service Co.*, 355 Pa. 183, 49 A.2d 406 (1946); *Pezzulli v. D'Ambrosia*, 344 Pa. 643, 26 A.2d 659 (1942). Thus, we believe the *Kubrick* standard is controlling in this instance.

Under this standard, Defendant contends that Plaintiff's claim accrued on November 21, 1976, the date of her husband's death, or within a few days thereafter. Defendant points to the fact that on this date Plaintiff witnessed her husband's swine flu inoculation, that she was aware of her husband's medical condition prior to the inoculation, and that she knew he had received a medical examination from their family doctor shortly before his death. From this, Defendant posits that with the exercise of reasonable diligence, Plaintiff could have ascertained the medical cause of her husband's death simply by soliciting the opinion of their family doctor any time after November 21, 1976. Plaintiff, on the other hand, states that she did not know of the existence of a causal connection between her husband's death and the swine flu injection until March 21, 1979. It was on this day that Plaintiff's attorney received a letter from the Gallick's family physician in which that doctor opined that the "Flu shot [was] directly related to his [George Gallick] death." (Plaintiff's Brief, filed September 9, 1981, Exh. B). Consequently, Plaintiff argues that under *Kubrick* her claim did not accrue until that date and the action was therefore timely filed.

On a motion such as this for summary judgment under Fed.R.Civ.P. 56, the principal judicial inquiry is whether a genuine issue of material fact exists. *Scott v. Plante*, 532 F.2d 939, 946 (3d Cir. 1976); *Tomalewski v. State Farm Life Insurance Co.*, 494 F.2d 882, 883 (3d Cir. 1974); see generally 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2725 (1973). In ruling upon a motion for summary judgment, the Court must liberally construe the pleadings in favor of the party opposing the motion, and give the opposing party the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists in fact which should be preserved for trial. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 n. 15, 158–59, 90 S.Ct. 1598, 1608 n. 15, 1609, 26 L.Ed.2d 142 (1970); see *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981); *United States ex rel. Jones v. Rundle*, 453 F.2d 147, 150 (3d Cir. 1971). Furthermore, even if the preponderance of the evidence should appear to lie on the moving party's side, the Court's function is not to decide issues of fact, but only to determine whether any issues of fact exist to be tried. *Ness v. Marshall, supra*, 660 F.2d at 519; *Ransburg Electro-Coating Corp. v. Lansdale Finishers, Inc.*, 484 F.2d 1037, 1039 (3d Cir. 1973). Thus, in order for the Defendant here to be entitled to summary judgment on the survival action claim, it must appear conclusively from the record that Plaintiff knew both the "existence and cause of her injury" at a time beyond the limitations bar. See *Exnicious v. United States*, 563 F.2d 418 (10th Cir. 1977); *DeWitt v. United States*, 593 F.2d 276 (7th Cir. 1979); *Perkins v. United States*, 76 F.R.D. 590 (W.D.Okl.1976).

After carefully reviewing the record in the light most favorable to the Plaintiff, we conclude that a genuine issue of material fact exists regarding when Plaintiff's cause of action under the Survival Act accrued. The parties present totally divergent factual accounts as to when the *Kubrick* standard was satisfied in this case and, as previously noted, it is not the role of this Court to summarily try these issues of fact. Therefore, since the date when Plaintiff's survival claim accrued presents a question

of fact, summary judgment is inappropriate on this question. See *Ciccarone v. United States, supra*, 486 F.2d at 256. Accordingly, Defendant's motion for summary judgment as to this cause of action will be denied.

To summarize, we hold today that Plaintiff's FTCA Complaint sufficiently alleges a cause of action under both the Wrongful Death Act and the Survival Act of Pennsylvania. Further, we find that the former claim is time-barred under 28 U.S.C. § 2401(b) since an action was not filed within two years after it accrued. Finally, the Court concludes that as to Plaintiff's survival claim, a "genuine issue of material fact" exists regarding the date of accrual of this cause of action. We will therefore grant Defendant's motion for summary judgment as to Plaintiff's cause of action under the Wrongful Death statute, but deny it as to her cause of action under the Survival Act.

An appropriate Order will be entered.

### ON RENEWED MOTION FOR SUMMARY JUDGMENT

This is an action for damages brought under the Swine Flu Act, formerly codified at 42 U.S.C. § 247b(j)–(1) (1976),[1] and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* On November 28, 1979, Plaintiff filed a Complaint in this Court pursuant to the FTCA in which causes of action were alleged under the Wrongful Death[2] and Survival[3] statutes of Pennsylvania.[4] By Memorandum and Order filed January 29, 1982, the Court granted summary judgment in favor of the Defend-

ant as to the Wrongful Death Act claim, but denied the same with respect to Plaintiff's cause of action under the Survival Act. Presently before the Court is a renewed motion for summary judgment filed by Defendant as to the Survival Act claim. For the reasons set forth below, this motion will be granted.

A brief review of the factual and procedural background of this case is necessary to put the instant motion in its proper perspective. On November 21, 1976, at approximately 2:00 p. m., George Gallick, Sr., received the swine flu vaccination from public health officials at the Carbondale Area High School, Carbondale, Pennsylvania. His wife, Helen A. Gallick, the Plaintiff in this action, was with him when he received the inoculation. After receiving the swine flu injection, Plaintiff and her husband drove together to visit the gravesite of his deceased father. While at the cemetery, George E. Gallick, Sr. suffered a fatal heart attack and died at approximately 3:45 p. m.

On February 8, 1979, Plaintiff filed an administrative tort claim with the United States Public Health Service pursuant to § 2675(a) of the FTCA, seeking damages in the amount of $150,000. By letter addressed to Plaintiff's attorney, dated April 18, 1979, the claim was denied by the United States on the grounds that it was barred by the applicable statute of limitations, 28 U.S.C. § 2401(b).[5] Thereafter, on November 28, 1979, Plaintiff filed a Complaint under the FTCA with this Court.

---

1. The Swine Flu Act no longer appears in Title 42. See Health Services and Centers Amendments of 1978, Pub.L.No.95–626, 92 Stat. 3551. All citations herein are to the section as it read prior to the 1978 Amendment.

2. 12 P.S. § 1601 *et seq.*, substantially re-enacted as 42 Pa.C.S.A. § 8301 (1978).

3. 20 Pa.C.S.A. § 3371–3373 (1972).

4. The substantive law of Pennsylvania is applicable in this instance since, under the FTCA, it is the law of the state where the act or omission took place which provides the governing standards of substantive liability. 28 U.S.C.

§ 1346(b); see *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Hungate v. United States*, 626 F.2d 60 (8th Cir. 1980).

5. Section 2401(b) provides:
A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months, after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. (emphasis added).

On August 20, 1981, Defendant filed a "Motion to Dismiss, or in the alternative, for Judgment on the Pleadings and/or for Summary Judgment," accompanied by a supporting brief.[6] Opposition and reply briefs were also filed by the litigants and, after careful consideration of the arguments contained therein, this Court filed a Memorandum and Order disposing of this motion on January 29, 1982. See *Gallick v. United States of America*, Civ.No. 79–1302 (M.D.Pa., Jan. 29, 1982). In this opinion, we initially found that the Plaintiff's Complaint did sufficiently plead a cause of action under both the Wrongful Death and Survival Acts of Pennsylvania. *Id.* at 190–191. After establishing this, we then considered the merits of Defendant's statute of limitations defense as to each of these actions. As to the wrongful death action, we first held that this claim was time-barred by the two-year limitations period of § 2401(b). Under this limitations provision of the FTCA, the law is clear that a wrongful death claim accrues on the date of death. See *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). Since it was undisputed that Plaintiff did not file an administrative tort claim until more than two years after the date of the death of her husband, summary judgment was granted in favor of the Defendant on this claim. *Gallick v. United States of America, supra*, at 191.

Regarding Plaintiff's cause of action under the Survival Act, the Court held that this action may still be viable under the United States Supreme Court's holding in *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), which recognized the propriety of applying the "discovery rule" in personal injury cases under the FTCA.[7] We found, therefore, that the Plaintiff's contention that she did not know of the existence of a causal connection between her husband's death and the swine flu injection until she received the opinion of her family physician, sometime in March of 1979, raised a factual issue that precluded summary judgment on this part of the Complaint. *Gallick v. United States of America, supra*, at 191–192.

On February 18, 1982, the Defendant filed a renewed motion for summary judgment, accompanied by a supporting brief, as to the remaining Survival Act claim. Citing the Pennsylvania Supreme Court's recent decision in *Anthony v. Koppers Co., Inc.*, 496 Pa. 119, 436 A.2d 181 (1981), Defendant contends that no cause of action may be maintained under the Pennsylvania Survival Act where knowledge of the cause of the deceased's injury is not discovered until after his death. (Defendant's Brief, Doc. # 26, p. 3). Plaintiff answers this motion not by contesting this interpretation of the *Koppers* holding, but by arguing that it should not be given retrospective application because to do so would adversely affect the rights of the Plaintiff, which had "vested" before the *Koppers* decision. (Plaintiff's Brief, Doc. # 27, p. 3). In *O'Brien v. Eli Lilly & Company*, 668 F.2d 704 (3d Cir. 1981), the Third Circuit, in a footnote, interpreted *Koppers* to mean:

> [T]hat because survival actions merely permit a decedent's personal representative to enforce the cause of action that accrued before the decedent's death, where the knowledge of the causal connection between the injury and its cause is not discovered until after the decedent's death, no action has accrued that can be preserved under the survival statutes. 668 F.2d at 706, n. 2.

Our interpretation of *Koppers* is in accord with this.

In *Koppers*, the Supreme Court of Pennsylvania overruled a Superior Court finding

---

**6.** Because we found it necessary to consider matters outside the pleadings in our disposition of this motion, we appropriately treated it solely as a motion for summary judgment under Fed.R.Civ.P. 56. See 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2713 (1973).

**7.** Specifically, the principle announced by the Court in *Kubrick* was that a claim for personal injuries accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and the cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute negligence. *Id.* 444 U.S. at 117–25, 100 S.Ct. at 356–360.

that the "discovery rule" applied in survival actions in Pennsylvania. See *Anthony v. Koppers Co., Inc.*, 284 Pa.Super. 81, 425 A.2d 428 (1980). In so doing, the Supreme Court indicated in the introductory paragraph to its opinion that the issue before them was one of determining the appropriate application of the statute of limitations to wrongful death and survival actions in this state. 436 A.2d at 182. The decision on the survival action section went much further, however, and held that where the knowledge of the cause of the decedent's injury did not come about until after his death, "no valid cause of action existed at the time of death which could be preserved under the survival statutes" and, thus, such an action was "clearly barred." *Id.* 436 A.2d at 185.

As previously noted, the only argument raised by Plaintiff in opposition to the renewed motion for summary judgment is that the *Koppers* decision should not be applied retrospectively so as to foreclose Plaintiff's claim under the Survival Act. The general principles regarding retrospective application of such decisions under Pennsylvania law were discussed by our Court of Appeals in *Ettinger v. Central Penn National Bank*, 634 F.2d 120, 124 (3d Cir. 1980):

> The general precept in Pennsylvania is that "the construction placed upon a statute by the courts becomes a part of the act, *from the very beginning.* And when former decisions are overruled, the reconsidered pronouncement becomes the law of the statute from the date of its enactment." *Buradus v. General Cement Products Co.*, 159 Pa.Super. 501, 504, 48 A.2d 883, 885 (1946) (citations omitted), aff'd, 356 Pa. 349, 52 A.2d 204 (1947) (per curiam) (adopting superior court's opinion). The vitality of the *Buradus* rule was reaffirmed as recently as 1966 when the Pennsylvania Supreme Court explained: "Unless vested rights are affected, a court's interpretation of a statute is considered to have been the law from its enactment date, despite contrary intervening holdings." *Kuchinic v. McCrory*, 422 Pa. 620, 625, 222 A.2d 897, 900 (1966)

(citations omitted); *see also DeMartino v. Zurich Ins. Co.*, 307 F.Supp. 571, 573 (W.D.Pa.1969), aff'd sub nom. *Aceto v. Zurich Ins. Co.*, 440 F.2d 1320 (3d Cir. 1971); *Harry C. Erb, Inc. v. Shell Construction Co.*, 206 Pa.Super. 388, 389–90, 213 A.2d 383, 383 (1965).

The Pennsylvania rule is subject to the exception that full retroactivity will not be accorded to the detriment of persons who have acted in reliance on the older rule. See *Catherwood Trust*, 405 Pa. 61, 77, 173 A.2d 86, 93 (1961). As the Pennsylvania Supreme Court stated in *Kuchinic*, the rule applies "[u]nless vested rights are affected." 422 Pa. at 625, 222 A.2d at 900. (emphasis in original)

Here the matter has not proceeded to trial and is still in the process of determination; thus, the rule according retroactive effect to new decisions construing a statute must be applied. In such a case, it cannot be said that any right of the Plaintiff had "vested", because it is this very lawsuit which was brought to determine the Plaintiff's rights. See *Painter v. Baltimore & Ohio Railroad Co.*, 339 Pa. 271, 276, 13 A.2d 396 (1940) (court rejected non-retroactivity argument because it was "based ... upon the false premise that plaintiff had acquired vested rights under the earlier cases although his claim had not yet been adjudicated."); *DeMartino v. Zurich Insurance Company, supra.* One of the basic issues raised in this case is whether there is in fact any right at all for Plaintiff to proceed in this lawsuit. Thus, so long as an action like this is pending when there is a new decision of the Pennsylvania Supreme Court rendered concerning the construction of a state statute, that decision generally must be given retrospective application under the laws of Pennsylvania. The only exception to this rule is in the narrow class of cases referred to in *Ettinger, supra*, of which this case is not one. While the result in this case is indeed severe and most unfortunate, nevertheless, we are bound by the appellate and statutory guidelines set forth above. In accordance with these directives, we therefore hold that the Pennsylvania Supreme

Court's decision in *Anthony v. Koppers Co., Inc., supra*, must be applied retroactively to control the outcome of the instant case. Applying the law espoused therein to the undisputed facts of this case, we find that no action accrued to Plaintiff's decedent that could be preserved for purposes of Plaintiff's claim under the Pennsylvania Survival Act. Accordingly, we will grant the Defendant's renewed motion for summary judgment.

An appropriate Order will be entered.