Per Curiam,
 

 The appellant was indicted and tried for abortion. She was found guilty on the first count for unlawfully using an instrument with intent to procure a miscarriage. She was sentenced to pay a fine of f250 and the costs of prosecution, and to be committed to the Pennsylvania Industrial Home for Women at Muncy, Lycoming County, for a period of not less than two and a half years nor more than five years. She appealed from the sentence to this court.
 

 The Act creating the State Industrial Home for Women, located at Muncy, (Act of July 25, 1913, P. L. 1311, as amended by Acts of May 14, 1925, P. L. 697 and June 22, 1931, P. L. 859, 61 P. S. § 566) provides that women over the age of sixteen years convicted of an offense punishable by imprisonment for more than a year may be sentenced to confinement in the said State Industrial Home for Women: and that “every sentence imposed pursuant to this Act shall be merely a general one to the State Industrial Home for Women, and shall not fix or limit the duration thereof. The duration of such imprisonment, including the time spent on parole, shall not exceed three years, except
 
 *354
 
 when the maximum term specified by law for the crime for which the prisoner was sentenced shall exceed that period, in which event such maximum term, including the time spent on parole, shall be the limit of detention.”
 

 The maximum term for the offense of which she was convicted is five years, (Act of June 24, 1939, P. L. 872, Sec. 718,) which is the extreme limit of appellant’s detention in said Home under the general sentence that should have been imposed under the Act.
 

 The seventh assignment of error is sustained. The judgment is reversed and the record is remitted to the court below, with direction to impose upon the defendant a general sentence of confinement in the State Industrial Home for Women, which sentence shall not fix or limit the duration of her confinement in said Home.