414 A.2d 395

**Bess J. WRIGHT, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted April 9, 1979.

Filed Nov. 21, 1979.

Thomas W. King, III, Butler, for appellant.

William C. Robinson, Butler, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal presents an issue of first impression: whether funeral expenses are "survivor's benefits" within the meaning of section 1009.106(c)(2) of the No-fault Insurance Act.[1] We hold that they are not and, accordingly, reverse the order of the court below.

Appellant's husband died as a result of an auto accident on December 23, 1975. On August 23, 1977, appellant filed a complaint in assumpsit seeking repayment of $1500 in funeral expenses allegedly due her under a no-fault insurance policy.[2] Appellee, Allstate Insurance Company, asserted in its answer that the suit was barred by the one-year limitation on recovery of "survivors benefits" under the No-fault Insurance Act. The lower court agreed with appellee's contention, based upon the opinion that the legislators intended the term "survivors benefits" to include all benefits that become due under the Act.[3] Accordingly, the court granted appellee's motion for summary judgment. This appeal followed.

The No-fault Insurance Act provides that "[i]f no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits may be commenced not later than one year after the death

1. Act of July 19, 1974, P.L. 489, No. 176.

2. Funeral expenses are designated as an element of "allowable expenses" under the No-fault Insurance Act. 40 P.S. § 1009.103. Allowable expenses constitute an element of "basic loss benefits." *Id.* at § 1009.202. The survivors of a victim of an auto accident which occurs in this state are entitled to receive basic loss benefits under the Act. *Id.* at § 1009.201.

3. The lower court did not cite any legislative history to support its conclusion.

. . . ." 40 P.S. § 1009.106(c)(2). The term "survivor's benefits" is not defined in the statute.[4] We must, therefore, determine from other sources whether funeral expenses are included in survivor's benefits and, consequently, subject to the one-year limitation on actions.

Funeral expenses are a charge which the law imposes upon the estate of the decedent. *Vranesevich Estate*, 73 Dist. & County Rep.2d 242 (Beaver County, Orphan's Ct. 1975); *Steen Estate*, 24 Dist. & County Rep.2d 539, 541 (Montgomery County, Orphan's Ct.1961). If a survivor of the decedent orders the funeral, the funeral director may compel the survivor to pay the expenses; however, the survivor then holds a claim against the estate for reasonable expenses incurred. *In re France's Estate*, 75 Pa. 220 (1874). Thus, the estate is the entity primarily liable for funeral expenses. *Volkwein v. Volkwein*, 146 Pa.Super. 265, 22 A.2d 81 (1941). Similarly, the estate is the entity primarily benefited by insurance coverage of funeral expenses. Although the reimbursement of expenses may indirectly benefit the survivors by augmenting the estate of the decedent, it cannot reasonably be said that such reimbursement constitutes a "survivor's benefit." Accordingly, we conclude that funeral expenses do not constitute "survivor's benefits" within the meaning of the No-fault Insurance Act, and therefore, recovery of such expenses is not subject to the one-year limitation applicable to survivor's benefits.

We must now determine which period of limitation is applicable to actions for funeral expenses under the No-fault Insurance Act. We hold that the general contract statute of limitations applies to this cause of action. At the time appellant brought her action the statute provided that all actions on contracts without specialty had to be brought within six years after the cause of action accrued. 12 P.S.

4. The term "survivor's loss" is, however, defined in the Act to include compensation for the wages the decedent would have earned and services the decedent would have provided to the survivors. 40 P.S. § 1009.103.

§ 31.[5] Appellant's action is based upon a contract of insurance which does not provide by its terms a limitation on actions. The general six year statute of limitations on contract actions is therefore applicable. Appellant filed the complaint less than two years after her cause of action accrue, thereby complying with the statute. We therefore conclude that summary judgment was improperly granted because appellant's action was not barred by the applicable statute of limitations.

Order reversed.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent and would affirm for reasons contained in the able opinion of Judge Dillon for the court below.

---

5. The statute of limitations has since been repealed and reenacted as 42 Pa.C.S.A. § 5527 (effective June 27, 1978).