# Bortner Estate v. CNA Insur. Co.

Samuel K. Gates, for plaintiff.

Joseph W. Moyer, for defendant.

OPINION BY ERB, J., OCTOBER 14, 1981:

Plaintiff, as the administrator of the estate of Jeffrey Bortner, filed a complaint requesting the recovery of "work loss" benefits claimed to be due under the no-fault motor vehicle insurance policy issued by the defendant. The complaint alleged that the plaintiff, decedent, died as a result of an automobile accident on May 21, 1977, involving a vehicle covered by defendant's policy.

Defendant has filed preliminary objections in the nature of a demurrer, which are before the court for determination.

Defendant contends that plaintiff's suit is barred by a one year statute of limitations, set forth in Section 106(c) (2) of the Pennsylvania No-Fault Motor Vehicle Insurance Act, Act of July 19, 1974, No. 176, 40 P.S. §1009.106(c) (2), and that plaintiff's suit is precluded because plaintiff had filed a prior action concerning the same accident and the same policy. We find these contentions to be without merit.

Defendant argues that plaintiff is precluded from bringing this action because he filed a prior action in the Court of Common Pleas in and for York County, Pennsylvania, (78-S-1457), under the same policy. Defendant cites numerous cases representing that the same plaintiff cannot bring successive suits on the same contract against the same defendant.

Plaintiff responds that the two suits do not involve the same plaintiff; the first suit was filed by plaintiff as an individual, while the present suit is filed by plaintiff as administrator and on behalf of decedent's estate.

An examination of the record in the prior action reveals that although the suit was initiated pursuant to a praecipe and summons listing the plaintiff as an individual and as administrator, the case proceeded with plaintiff as an individual and not as an administrator. The complaint was filed in the name of plaintiff, as an individual only. No rule to compel plaintiff, as administrator, to file a complaint was ever issued, nor was the action filed by plaintiff, as administrator, ever dismissed. The adverse decision in the prior case was directed at plaintiff as an individual only, holding that plaintiff was not a "survivor" as defined by Section 103 of the No-Fault Act. 40 Pa. Stat. §1009.103.

In *Homer S. Pontius, Adm. of the Estate of Janet A. Pontius, deceased v. United States Fidelity and Guaranty Company,* which was combined with *Allstate Insurance Co. v. Heffner,* Pa., 421 A.2d 629, the court allowed an estate to proceed in an action to collect "work loss" benefits of the deceased. We find, therefore, that plaintiff as administrator and on behalf of the estate, is entitled to bring an action for such benefits. Also, since the prior action dealt only with plaintiff, individually, we find that the action now before us is not barred by the dismissal of the prior action since that action was pursued by a party different from the parties in this case.

Defendant also contends that this action is governed by a one year statute of limitations, set forth in Section 106(c) (2) of the No-Fault Act. Plaintiff argues that the action is controlled by the general statute of limitations regarding contract actions, which is a six year limitation Act of July 9, 1976, P.L. 586 No. 142, as amended, 42 Pa. Cons. Stat. §5527.

The No-Fault Act mandates certain time limitations on actions to recover benefits. Section 106(c), Subsection (1) of the Act provides for a two year statute of limitations in cases where a death was not involved. Section 106(c) (2) provides: "If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits

may be commenced not later than one year after the death . . ." (Emphasis ours) Defendant argues that subsection (2) governs all actions involving death, regardless of which particular benefits are requested or who the beneficiary is.

In *Wright v. Allstate Ins. Co.*, Pa. Super. Ct., 414 A.2d 395, however, the Superior Court specifically held that "survivors benefits" under §106(c) (2) did not include all benefits that became due under the Act when a death occurred. The court noted that "survivor's benefits" are not defined in the Act. The case dealt with funeral expenses and the court noted that funeral expenses were provided for under "allowable expenses" and not under "survivor's loss:" 40 Pa. Stat. §1009. 103. Analogously "work loss" is separate and distinct from "survivor's loss."

In the *Wright* case, supra, the court reasoned that funeral expenses are the responsibility of the estate and, therefore, the estate is the beneficiary of the coverage in the policy; therefore, the funeral expenses are not a "survivor's benefit." The court concluded that the limitations set forth in the No-Fault Act did not apply but rather the general six-year statute of limitations applied.

In the case at bar, since the estate is seeking the benefit of the "work loss" provision in the policy, and the "work loss" benefits are a benefit of the estate, and pursuant to the *Wright* opinion, not a "survivor's benefit" under §106(c) (2), we hold that the general statute of limitations applies. The present action, therefore, is not barred since it was filed within the time period allowed.