439 A.2d 678

**Ann SACHRITZ, Administratrix of the Estate of William Sachritz, Deceased, Appellant,**

v.

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Pennsylvania Trial Lawyers, Participating Party.**

Superior Court of Pennsylvania.

Argued May 1, 1981.

Filed Oct. 30, 1981.

Reargument Denied Feb. 5, 1982.

Petition for Allowance of Appeal Granted May 26, 1982.

Richard L. Rosenzweig, Pittsburgh, for appellant.

John C. Carlin, Jr., Pittsburgh, for appellee.

Richard C. Angino, Harrisburg, for participating party.

Before POPOVICH, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellee's motion for summary judgment. We disagree and, accordingly, affirm the order of the lower court dismissing appellant's claim.

■ On September 5, 1976, appellant's decedent succumbed to injuries sustained in an automobile accident on August 19, 1976. On February 28, 1977, appellee paid appellant $7,157.86 in benefits pursuant to a no-fault automobile insurance policy it had issued to appellant's decedent. Of that payment, $553.86 represented the amount of work loss benefits which had accrued from the date of the accident until the date of death. On July 23, 1979, appellant filed a complaint seeking additional work loss benefits.[1] Appellee's answer and subsequent motion for summary judgment asserted that the complaint was untimely because the applicable statute of limitations had expired. The lower court agreed with appellee and, accordingly, entered an order dismissing appellant's complaint. This appeal followed.

Appellant contends first that none of the statutes of limitations contained in the Pennsylvania No-Fault Motor

---

1. Appellant's theory was that she was entitled to work loss payments accruing after the date of her husband's death as his survivor. See *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), aff'd sub nom., *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). In *Heffner*, we held work loss benefits as well as survivor's loss benefits are recoverable by the survivors of a deceased victim under the Act. We shall call the additional work loss benefits appellant seeks post-mortem benefits to distinguish them from the work loss benefits accruing between the date of the accident and the date of death.

Vehicle Insurance Act[2] (the Act) apply to this action to recover additional work loss benefits and that her action was timely commenced within the six-year period generally allowable for contracts, 42 Pa.C.S.A. § 5527(2). *See Wright v. Allstate Insurance Co.*, 271 Pa.Super. 559, 414 A.2d 395 (1979) (action for funeral expenses pursuant to the Act subject to general six-year limitation). We disagree. Section 106(c)(1) of the Act, 40 P.S. § 1009.106(c)(1), provides in pertinent part: "If no-fault benefits have been paid for losses arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits." Post-mortem work loss benefits, i.e., those work loss benefits accruing after the date of the deceased victim's death, are recoverable by the survivors of a deceased victim, but are not considered survivor's benefits under the Act. *See Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). Because appellant had already received some work loss benefits when she brought this action to recover post-mortem work loss benefits, her action had to be commenced within two years of the date of the last payment of benefits, namely February 28, 1977.[3] Accordingly, because appellant's complaint was not filed until July 23, 1979, it was barred by section 106(c)(1) of the Act, 40 P.S. § 1009.-106(c)(1).[4]

**2.** Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101, *et seq.*

**3.** We do not decide the appropriate statute of limitations to be applied to an action for post-mortem work loss benefits when no benefits have already been paid.

**4.** Appellant contends that her cause of action was timely because her right to recover work loss benefits accrues monthly. That contention is patently meritless. Appellant mistakenly construes § 106(a)(1) of the Act, 40 P.S. § 1009.106(a)(1), as providing monthly causes of action to recover increments of work loss. We disagree. We construe the provision as establishing an expeditious schedule for payment of work loss benefits by the no-fault carrier. The failure to pay work loss benefits is actionable subject to the time limitations expressed in § 106(c), *id.* § 1009.106(c). As discussed above, because appellant received some work loss benefits for the period prior to her husband's death, her cause of action had to be filed within two

■ Appellant contends next that she was denied notice of any right to recover post-mortem work loss benefits because the Act was unconstitutionally vague. Consequently, she argues that the statute of limitations should not have begun to run until April 12, 1979, the date of our decision in *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1260 (1979), *aff'd sub nom., Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). Appellant was aware of her eligibility for work loss benefits for the period prior to decedent's death and, in fact, recovered them. Appellant's contention that she was unsure whether post-mortem work loss benefits could be recovered for the period following the death of the decedent does not excuse her failure to seek them. We can find no justification for appellant's failure to seek such benefits when no appellate Court in this Commonwealth nor any Common Pleas Court in appellant's own county had denied them. "Although the No-Fault Act is admittedly complex and some of its provisions do appear to contain some ambiguities, complexity and possible ambiguity in themselves do not support a conclusion of unconstitutionality for reasons of vagueness." *Singer v. Sheppard*, 33 Pa.Cmwlth. 276, 283, 381 A.2d 1007, 1010 (1978). The Act was sufficiently clear to have put the appellant on notice of her right to seek post-mortem work loss benefits. Our decision in *Heffner* did not redefine work loss or create a new right to benefits. "*Heffner* did not change the law; it rather decided an issue of statutory construction not previously decided by an appellate court. Such an interpretation of legislative intent is considered part of the statute from the time the statute was enacted." *Daniels v. State Farm Mutual Automobile Insurance Co.*, 283 Pa.Super. 336, 343, 423 A.2d 1284, 1288 (1980). Appellant was thus required to bring her action within two years of appellee's last payment. Accordingly, because she failed to do so, we affirm the order of the lower court.

Order affirmed.

years of the date the last payment was made. It was not; and we therefore affirm the order of the lower court dismissing her complaint.