301 Pa. Superior Ct. 146 (1982)
447 A.2d 284
Blanche M. GUITON
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant.
Supreme Court of Pennsylvania.
Submitted February 2, 1982.
Filed June 25, 1982.
Vacated and remanded December 29, 1982.
*147 Charles A. Shaffer, Wilkes-Barre, for appellant.
Edward Pope Little, Montrose, for appellee.
Before WICKERSHAM, ROWLEY and McEWEN, JJ.
*148 WICKERSHAM, Judge:
This is yet another case in which our court is called upon to untangle the knotted language of the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] The issue in this appeal involves the construction of the statute of limitations provisions contained in section 106(c)(2) of the No-Fault Act.
The facts of this case may be summarized as follows. On March 4, 1977, appellee's spouse, James W. Guiton, was killed in an automobile accident. At the time of the accident, James Guiton was covered by a no-fault insurance policy issued by appellant, Pennsylvania National Mutual Casualty Insurance Company. Following the accident, appellee, Blanche M. Guiton submitted a claim to appellant for no-fault benefits. On August 4, 1977, appellant paid Blanche Guiton $1,500.00 for funeral expenses, and $10.00 for ambulance expenses, and in October of 1977, appellant made a final payment to Blanche Guiton of $5,000.00 for survivor's loss benefits.
On November 26, 1979, Blanche Guiton instituted suit against appellant by filing a praecipe for writ of summons, and on January 7, 1980, she filed a complaint in assumpsit against appellant seeking work loss benefits under her deceased spouse's no-fault insurance policy. Appellant filed an answer and new matter to Blanche Guiton's complaint in which it raised the defense of the statute of limitations provisions contained in section 106(c)(2) of the No-Fault Act. After the pleadings were closed, appellant filed a motion for judgment on the pleadings in which it again raised the defense of the statute of limitations. The lower court denied appellant's motion for judgment on the pleadings by order dated May 17, 1981, but certified the order for immediate appeal to our court in accordance with 42 Pa.C.S. § 702(b). Thereafter, appellant petitioned our court for permission to take an immediate appeal from the lower court's order in accordance with Pa.R.A.P. 1311, and we granted the petition by order dated July 9, 1981.
*149 Section 106(c)(2) of the No-Fault Act provides in pertinent part that "If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years after the last payment of benefits." In the instant case, appellant made a final payment to Blanche Guiton of $5,000.00 for survivor's loss benefits in October of 1977, and Blanche Guiton commenced the instant action for work loss benefits on November 26, 1979  more than two years later.
The lower court found that the limitation contained in section 106(c)(2) on actions for further survivor's benefits applies only to actions for further survivor's loss benefits and does not apply to subsequent actions for work loss benefits. The lower court found no limitation in the No-Fault Act on actions for work loss benefits and, consequently, held that the six year limitation period applicable to general contract actions governed this action for work loss benefits. We agree with the findings and holding of the lower court.
In construing the language of the No-Fault Act we are aided by a statement of Legislative findings and purposes. The General Assembly found that "the maximum feasible restoration of all individuals injured and compensation of the economic losses of survivors of all individuals killed in motor vehicle accidents on Commonwealth highways, in intrastate commerce, and in activity affecting intrastate commerce is essential to the humane and purposeful functioning of commerce". 40 P.S. § 1009.102(a)(3). It therefore declared its purpose "to establish . . . a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims." 40 P.S. § 1009.102(b). Additionally, the Pennsylvania Supreme Court recently stated in Allstate Insurance Company v. Heffner, 491 Pa. 447, 455, 421 A.2d 629, 633 (1981), aff'g 265 Pa.Super. 181, 401 A.2d 1160 (1979), that:
Historically, the courts of this Commonwealth have routinely followed this spirit and found coverage for the *150 insured in close or doubtful insurance cases. The tendency has been that if we should err in ascertaining the intent of the legislature or the intendment of an insurance policy, we should err in favor of coverage for the insured.
Section 201(a) of the No-Fault Motor Vehicle Act provides that "any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this act." Basic loss benefits are listed under section 202 of the act as follows:
(a) Allowable expense limits.  Allowable expense, as defined in section 103 of this act shall be provided or the equivalent in the form of a contract to provide for services required.
(b) Work loss limits.  Work loss, as defined in section 103 shall be provided:
(1) up to a monthly maximum of:
(A) one thousand dollars ($1,000) multiplied by a fraction whose numerator is the average per capita income in this Commonwealth and whose denominator is the average per capita income in the United States, according to the latest available United States Department of Commerce figures; or
(B) the disclosed amount, in the case of a named insured who, prior to the accident resulting in injury, voluntarily discloses his actual monthly earnings to his obligor and agrees in writing with such obligor that such sum shall measure work loss; and
(2) up to a total amount of fifteen thousand dollars ($15,000).
(c) Replacement services losses.  Replacement services loss, as defined in section 103 shall be provided up to a daily maximum of twenty-five dollars ($25) for an aggregate period of one year.
(d) Survivors losses.  Survivors loss, as defined in section 103 shall be provided in an amount not to exceed five thousand dollars ($5,000).
Allowable expenses under section 202(a) are defined in pertinent part in section 103 as follows:

*151 `Allowable expense' means reasonable charges incurred for, or the reasonable value of (where no charges are incurred), reasonably needed and used products, services, and accommodations for:
(A) professional medical treatment and care;
(B) emergency health services;
(C) medical and vocational rehabilitation services;
(D) expenses directly related to the funeral, burial, cremation, or other form of disposition of the remains of a deceased victim, not to exceed one thousand five hundred dollars ($1,500);
It is clear under the No-Fault Act and the existing appellate case law that an action for allowable expenses under § 202(a) may be brought by a victim, his estate or any survivor of a deceased victim. Wright v. Allstate Insurance Company, 271 Pa.Super. 559, 414 A.2d 395 (1979). An action for work loss may be brought by a victim, his estate, Pontius v. United States Fidelity and Guaranty Company (Consolidated with Allstate Insurance Company v. Heffner, supra for review by the Pennsylvania Supreme Court); or any survivor of a deceased victim. Allstate Insurance Company v. Heffner, supra. An action for replacement services losses may be brought by a victim and an action for survivors losses may be brought by any survivor of a deceased victim.
In Wright v. Allstate Insurance Company, supra, we held that reimbursement for funeral expenses is not a survivor's benefit within the meaning of the statute of limitations provisions of the No-Fault Act. In Wright, an action for funeral expenses was instituted by a survivor of a deceased victim against Allstate Insurance Company. Allstate filed a motion for summary judgment in which it raised the defense of the statute of limitations provided in section 106(c)(2) of the No-Fault Act. Allstate contended that the term "survivors benefits" contained in section 106(c)(2) was intended to apply to all actions for any benefits available under the No-Fault Act. The lower court agreed with Allstate and, accordingly, granted its motion for summary judgment. We reversed the holding of the lower court. We found that the *152 victim's estate is the entity which is primarily liable for funeral expenses and, therefore, although the survivor may indirectly benefit, the reimbursement of funeral expenses is primarily a benefit of the estate and not the survivor. We held, therefore, that the reimbursement of funeral expenses is not a "survivor's benefit" within the meaning of the statute of limitations provisions of the No-Fault Act. We found that the No-Fault Act provided no limitations period for commencing actions for funeral expenses and that, consequently, the six year statute of limitations for general contract actions applied.
In Allstate Insurance Company v. Heffner, supra, the Pennsylvania Supreme Court affirmed our holding that survivors of deceased victims are entitled to receive work loss benefits under the No-Fault Act. In Heffner, Allstate Insurance Company argued that providing work loss benefits in addition to survivor's loss benefits would result in overlapping coverage and double payments. The supreme court responded that:
it is probable that the courts will have little difficulty in intermeshing these two forms of basic loss benefits in order to avoid any windfall. In the case of work loss, as already discussed, the Act is simply providing a certain measure of Survival Act damage, on a no-fault basis. The amount will then neatly coordinate with recovery of any excess amount in a tort action under Section 301(a)(4). Similarly, with respect to so much of survivor's loss recovery as represents contributions to survivors, this is simply no-fault wrongful death recovery. There is in fact no duplication of recovery in the same sense that third-party recovery in a wrongful death and survival claim involve different economic loss claims. They do not overlap.
Supra, 491 Pa. at 459, 421 A.2d at 635 (quoting D. Shrager, ed., The Pennsylvania No-Fault Motor Vehicle Insurance Act, at 112 (1979)).
The statutory provisions for wrongful death and survival actions may be found at 42 Pa.C.S. §§ 8301 and 8302 respectively. In Miller v. Preitz, 422 Pa. 383, 221 A.2d *153 320 (1966), the Pennsylvania Supreme Court stated that the wrongful death and survival statutes
`are entirely dissimilar in nature. The [former] represents a cause of action unknown to the common law * * *. The [latter] is not a new cause of action at all, but merely continues in his personal representative the right of action which accrued to the deceased * * *.'
Id., 422 Pa. at 387, 221 A.2d at 322, quoting from Pezzulli v. D'Ambrosia, 344 Pa. 643, 647, 26 A.2d 659, 661 (1942) (footnote omitted).
A survival action is brought by the administrator of the deceased plaintiff's estate in order to recover damages to the estate, Prince v. Adams, 229 Pa.Super. 150, 324 A.2d 358 (1974), whereas a wrongful death action may be brought by certain designated relatives of the decedent in order to recover their personal damages resulting from decedent's death. In re Estate of Pozzuolo, 433 Pa. 185, 249 A.2d 540 (1969). Of course, under the No-Fault Act, an individual survivor as well as the administrator of the deceased victim's estate may bring an action for work loss benefits despite the fact that they are in the nature of Survival Act damages. Allstate Insurance Company v. Heffner, supra (survivor may bring an action for work loss benefits); Pontius v. United States Fidelity and Guaranty Company, supra. The same was true in Wright v. Allstate Insurance Company, supra, where the action for funeral expenses was brought by an individual survivor. As in Wright where we found that reimbursement is primarily a benefit of the deceased victim's estate, we believe that reimbursement for work loss is also primarily a benefit of the deceased victim's estate. Accordingly, as in Wright, we do not believe that work loss benefits are "survivor's benefits" within the meaning of the statute of limitations provisions of the No-Fault Act and, therefore, the six year statute of limitations for general contract actions applies.[2]
Order of court affirmed.
NOTES
[1] Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 et seq.
[2] We note that our holding in the instant case is supported by our recent opinion in Sachritz v. Pennsylvania National Mutual Casualty Insurance Company, 293 Pa.Super. 483, 439 A.2d 678 (1981) where we stated that "[p]ost-mortem work loss benefits, i.e., those work loss benefits accruing after the date of the deceased victim's death, are recoverable by the survivors of a deceased victim, but are not considered survivor's benefits under the Act." Id., 293 Pa.Superior Ct. at 485, 439 A.2d at 679 (citation omitted). Sachritz involved an action for work loss benefits brought after the insured's death and more than two years after the payment of no-fault benefits which included work loss benefits. We held in Sachritz that appellant's action was barred by the two year statute of limitations set forth in section 106(c)(1) of the No-Fault Act. Section 106(c)(1) provides in pertinent part that "[i]f no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits . . . may be commenced not later than two years after the last payment of benefits." (Emphasis added). In Sachritz we stated that "[b]ecause appellant had already received some work loss benefits when she brought this action to recover post-mortem work loss benefits, her action had to be commenced within two years of the date of the last payment of benefits . . ." Supra, 293 Pa.Superior Ct. at 486, 439 A.2d at 679. Work loss benefits were not paid prior to the filing of the complaint in the instant case, and, therefore, section 106(c)(1) of the No-Fault Act is not applicable.