503 Pa. 547 (1983)
469 A.2d 1388
Blanche M. GUITON, Appellee,
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant.
Supreme Court of Pennsylvania.
Argued October 26, 1983.
Decided December 30, 1983.
*548 Charles A. Shaffer, Wilkes-Barre, for appellant.
Edward P. Little, Jr., Montrose, for appellee.
Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

*549 OPINION OF THE COURT
FLAHERTY, Justice.
The issue presented is the timeliness of an action pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101, et seq., (Supp.1983-1984) (hereinafter referred to as "the Act"), for post-mortem work loss benefits. We hold Superior Court erred in concluding the statute of limitations commences running from the date the insurer refuses payment under the contract of insurance.
Appellee's husband was killed in an automobile accident on March 4, 1977. At the time of the accident, he was employed at I.B.M., Endicott, New York. Appellant, Pennsylvania National Mutual Casualty Insurance Company, appellee's no-fault insurer, paid no-fault benefits in the form of $1500 for funeral expenses, $10 for ambulance expenses, and $5000 for survivor's loss benefits. On November 26, 1979, appellee instituted suit against appellant by filing a praecipe for writ of summons and, on January 7, 1980, she filed a complaint in assumpsit against appellant seeking work loss benefits. Appellant filed an answer and new matter and a motion for judgment on the pleadings raising the defense of the statute of limitations contained in § 106(c), arguing that, as benefits had been paid, an action for further benefits commenced more than two years after the last payment of benefits on October 6, 1977, was barred. The trial court denied appellant's motion, ruling that work loss benefits are contractual and are subject to a six-year statute of limitations. On appeal, Superior Court affirmed, Guiton v. Pennsylvania National Mutual Casualty Insurance Company, 301 Pa.Super. 146, 447 A.2d 284 (1982). We granted allocatur, vacated the order of Superior Court and remanded the case to Superior Court for reconsideration in light of our decision in Sachritz v. Pennsylvania National Mutual Casualty Insurance Company, 500 Pa. 167, 455 A.2d 101 (1982), where we held a two year statute of limitation applicable to claims for work loss benefits. On remand, Superior Court affirmed the judgment of the lower *550 court and held "section 106(c)(1) . . . permit[s] the commencement of an action for post-mortem work loss benefits, when no-fault benefits have not previously been paid for loss arising otherwise than from death, not later than two years after the breach of the contract to pay a survivor of the deceased victim." Guiton v. Pennsylvania National Mutual Casualty Insurance Company, 313 Pa.Super. 324, 459 A.2d 1251, 1255 (1983) (emphasis supplied). We granted allocatur.
As Superior Court correctly held, none of the no-fault benefits paid arose otherwise than from decedent's death. Thus, the applicable provision of the Act regarding the limitation of time for bringing a civil action to recover work loss benefits payable under the Act is § 106(c)(1), 40 P.S. § 1009.106(c)(1). See Sachritz v. Pennsylvania National Mutual Casualty Insurance Co., 500 Pa. 167, 455 A.2d 101 (1982). That section provides in pertinent part as follows:
(c) Time limitations on actions to recover benefits. 
(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier.
40 P.S. § 1009.106(c)(1) (Supp.1983-1984) (emphasis supplied). In Kamperis v. Nationwide Insurance Company, 503 Pa. 536, 469 A.2d 1382 (filed this day), we held that the plain meaning of the Act is that the victim "suffers the [work] loss" within the meaning of § 106(c)(1) as the victim sustains economic detriment resulting from inability to work and earn a living. We further held that, where no-fault benefits arising otherwise than from death have not been paid, an action for recovery of work loss benefits, for the benefit of a victim who was not self-employed, must be commenced within two years of each occurrence of work loss, and not later than two years after the victim's accrued economic detriment from work loss reaches the statutory *551 maximum amount recoverable, $15,000, 40 P.S. § 1009.202(b)(2), and, in any case, not later than four years after the accident. The plain meaning of the Act cannot support Superior Court's conclusion that the statute commences running from the date the insurance carrier refuses to pay a claim. Moreover, commencement of the period of limitation for bringing a suit from the date loss of wages is suffered is consistent with the fundamental principle of common law that the statute of limitation commences running from the date of the obligation, and not from the time payment of the obligation is refused, Cook v. Carpenter, 212 Pa. 165, 176, 61 A. 799, 803-804 (1905).
As we are unable, on this record, to determine when appellee suffered the work loss, or when appellee suffered accrued work loss equal to $15,000, the maximum amount recoverable under the Act, the record is remanded to the trial court for further proceedings consistent with our decision in Kamperis v. Nationwide Insurance Company, 503 Pa. 536, 469 A.2d 1382 (filed this day).
Order of Superior Court is vacated and the record is remanded for proceedings consistent with this opinion.
HUTCHINSON, J., files a concurring & dissenting opinion.
LARSEN, J., files a dissenting opinion.
HUTCHINSON, Justice, concurring and dissenting.
Without abandoning my view that Heffner v. Allstate, 491 Pa. 447, 421 A.2d 629 (1980) is wrongly decided, I join Mr. Justice Flaherty's opinion in this case, which I read as limiting postmortem work loss actions to two years from the date each payment of lost wages would have been due, absent the loss, in an amount equal to the paychecks then due within that portion of the two year period remaining when the action is filed, up to a $15,000.00 maximum, or whatever portion of that $15,000.00 amount the plaintiff would sustain within four years of the accident.
*552 LARSEN, Justice, dissenting.
This appeal raises the issue of the timeliness of appellee's action for work loss benefits brought pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act[1] against the appellant, Pennsylvania National Mutual Casualty Insurance Company. The relevant provisions governing the time within which actions for the recovery of no-fault benefits must be commenced are set out in Section 106(c) of the No-fault Act.
(c) Time limitations on actions to recover benefits. 
(1) If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss and either knows, or in the exercise of reasonable diligence should have known, that the loss was caused by the accident, or not later than four years after the accident, whichever is earlier. If no-fault benefits have been paid for loss arising otherwise than from death, an action for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits.
(2) If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. If survivor's benefits have been paid to any survivor, an action for further survivor's benefits by either the same or another claimant may be commenced not later than two years after the last payment of benefits. If no-fault benefits have been paid for loss suffered by a victim before his death resulting from the injury, an action for survivor's benefits may be commenced not later than one year after the death or six years after the last payment of benefits, whichever is earlier.
*553 Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 106, 40 P.S. 1009.106.
On March 4, 1977, appellee's husband was killed in an automobile accident. At the time of his death, the decedent was insured under a no-fault insurance policy issued by the appellant. Upon application by appellee, the appellant, in August, 1977, paid $1,500.00 for funeral expenses and $10 for an ambulance expense. In October, 1977, the appellant paid appellee $5,000.00 in survivor's loss benefits. The survivor's loss was the last benefit payment received by appellee.
On November 26, 1979, appellee initiated an action in assumpsit against appellant by filing a praecipe for a writ of summons. Subsequently, a complaint was filed on January 7, 1980 in which the appellee sought recovery of work loss benefits as a survivor of the deceased victim.[2]
The appellant filed an answer and new matter raising the defense of the statute of limitations. After the pleadings were closed, the appellant filed a motion for judgment on the pleadings. The lower court denied appellant's motion, ruling that work loss benefits are contractual benefits and are subject to a six-year statute of limitations.[3] On appeal, the Superior Court affirmed.[4] We granted allocatur, vacated the order of Superior Court and remanded the case back to that court for reconsideration in light of our opinion in Sachritz v. Pennsylvania National Mutual Casualty Insurance Company, 500 Pa. 167, 455 A.2d 101 (1982). In Sachritz we held that the two-year statute of limitation (40 *554 P.S. § 1009.106(c)) is applicable to claims for work loss benefits. (Larsen, J., dissenting).
On remand, the Superior Court again affirmed the judgment of the lower court, holding that the first sentence of Section 106(c)(1) must be interpreted "so as to permit the commencement of an action for post-mortem work loss benefits, when no-fault benefits have not previously been paid for loss arising otherwise than from death, not later than two years after the breach of the contract to pay a survivor of the deceased victim."[5] (emphasis supplied) Since on the record of this case, the Superior Court could not determine when the breach of contract (loss) occurred, the case was remanded. This Court again granted appellant's petition for allowance of appeal.
For the reasons expressed in my dissenting opinion in Kamperis v. Nationwide Insurance Company, 503 Pa. 536, 469 A.2d 1382 (1983), I would affirm the Superior Court and remand this case to the Court of Common Pleas of Susquehanna County for further proceedings. As I said in my dissent in Kamperis, I would hold that where no-fault benefits arising otherwise than from death have not been paid, the victim "suffers the loss" within the meaning of Section 106(c) of the No-fault Act when the insurance carrier breaches its obligation to pay the required benefits, and an action for recovery of benefits must be commenced within two years thereafter.[6]
In the instant case, the accident and decedent's death occurred on March 4, 1977. Appellee's action was filed on November 26, 1979, more than two years after the accident, but within the four year limitation provided by Section 106(c).[7] The benefits paid by the appellant (funeral expenses, ambulance expense and survivor's loss) were all *555 benefits arising on account of death.[8] The action here is for work loss benefits which arise otherwise than by death. See: Sachritz v. Pennsylvania National Mutual Casualty Insurance Company, 500 Pa. 167, 455 A.2d 101 (1982). In this case then, no-fault benefits for loss arising otherwise than from death have not been paid. This leads us directly to Section 106(c)(1):
"If no-fault benefits have not been paid for loss arising otherwise than from death, an action therefor may be commenced not later than two years after the victim suffers the loss . . . ." (emphasis supplied)
I would apply the construction that a victim "suffers the loss" within the meaning of Section 106(c)(1) when the insurance carrier breaches its duty to pay the benefits mandated by the No-fault Act. On remand, the lower court would be left to determine when the breach of duty occurred and the victim suffered the loss.
I dissent.
NOTES
[1] Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101, et seq.
[2] Work loss benefits are recoverable by survivors of deceased victims. Heffner v. Allstate, 491 Pa. 447, 421 A.2d 629 (1980).
[3] After denying appellant's motion for judgment on the pleadings (an interlocutory order), the lower court certified its order for immediate appeal to the Superior Court pursuant to the provisions of 42 Pa.C.S.A. § 702(b). The appellant's petition to the Superior Court for permission to take an immediate appeal in accordance with Pa.R.A.P. 1311 was granted.
[4] Guiton v. Pennsylvania National Mutual Casualty Insurance Company, 301 Pa.Super. 146, 447 A.2d 284 (1982).
[5] Guiton v. Pennsylvania National Mutual Casualty Insurance Company, 301 Pa.Super. 146, 459 A.2d 125 (1983).
[6] Irrespective of when the loss is suffered, where no-fault benefits have not been previously paid, no action may be brought more than four years after the accident. 40 P.S. 1009.106(c)(1).
[7] See Note 6, supra.
[8] The circumstances of this case point to the conclusion that the ten dollar "ambulance expense," like the funeral expenses and survivor's loss benefits, arose from the decedent's death. There were no expenses claimed for medical treatment, medical services, hospital or other medical care.