## Deis v. National Mutual Insurance Company

*Morton J. Gordon,* for plaintiff.
*David W. Saba,* for defendant.

PODCASY, *J.,* February 13, 1984—The facts of this case are relatively simply. On October 31, 1979, plaintiff's son, Richard Kapuschinsky, a 14 year old boy in good health, was seriously injured in an automobile accident on Pa. Route 924 in Hazle Township, Luzerne County, Pa. He died the same day as a result of his injuries. At the time of the accident and at the time of his death, he was an insured under the terms of a no-fault automobile insurance policy issued by National Mutual Insurance Company.

Following the death of Richard Kapuschinsky, his mother, Gerdi Deis, submitted to defendant the bills for Richard's funeral and burial, which were paid by defendant sometime after December 6, 1979. Thereafter, on September 30, 1981, Gerdi Deis was appointed administratrix of Richard's estate, and submitted to defendant, as administratrix and on her own behalf, claims for work loss benefits provided for in the Pennsylvania No-fault Motor Vehicle Insurance Act. Defendant refused payment, and, as a result, this action in assumpsit was commenced on September 15, 1982, two years and ten and a half months after the date of Richard Kapuschinsky's accident and death.

Defendant has filed a motion for judgment on the pleadings, based on the contention that plaintiff's cause of action is barred by the statute of limitations. Plaintiff admits that under ordinary circum-

stances her cause of action would be barred by the two year statute of limitations set forth in the No-fault Act, but contends that in this instance she is exempted from the bar of the two year statute by virtue of the fact that on November 19, 1979, a certain C. William Nye, individually and as administrator of the Estate of Karen L. Nye, deceased, purporting to act on his own individual behalf, on behalf of the estate of which he was administrator, and on behalf of "all others similarly situated", commenced a class action in Dauphin County against his own no-fault insurer, Erie Insurance Exchange, and against National Mutual Insurance Company and twenty-nine other named companies which allegedly followed a policy of refusing to pay work-loss benefits to the estates of deceased victims. Plaintiff contends that the filing of this class action "blanketed plaintiff with the protection of the statute of limitations as having been met."

Pennsylvania R.C.P. 1701(a), the first of the Class Action Rules, provides that a "class action" means "any action brought by or against parties as representatives of a class until the court by order refuses to certify it as such or revokes a prior certification under these rules." The explanatory note to this rule reads as follows:

"This definition follows language in Bell v. Beneficial Consumer Discount Company, 465 Pa. 225, 348 A.2d 734 (1975), that 'when an action is instituted by a named individual on behalf of himself and a class, the members of the class are more properly characterized as parties to the action. A subsequent order of a trial court allowing an action to proceed as a class action is not a joinder of the parties not yet in the action. The class is in the action until properly excluded.'

This definition becomes important in determining the effect of the commencement of a class action as tolling the statute of limitations as to the members of the class other than the named representatives. It carries into effect the decision of the United States Supreme Court in American Pipe and Construction Company v. State of Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed 2d 713 (1974), in which the court held that the commencement of an action as a class action suspends the applicable statute of limitations during the interim period from commencement until refusal to certify as to all putative members of the class who would have been parties if the action had been certified as such."

Once a class action is commenced under our rules, it is incumbent on plaintiff to move that the action be certified as a class action within 30 days after the pleadings are closed or within 30 days after the last required pleading was due. A certification hearing is then held, limited to the class action allegations, and the court enters an order certifying or refusing to certify a class action. If an order is entered certifying the action as a class action, the rights of all members of the class are then determined in the class action, subject, however, to the right of the court in certain circumstances, pursuant to Pa.R.C.P. 1711, to provide in its order that no person shall be a member of plaintiff class unless and until he files of record a written election to be included therein.

If plaintiff is, indeed, one of those "similarly situated" to plaintiff in the Nye case, as she appears to us to be, it is our opinion that the institution of suit in that case operated to suspend the running of the statute of limitations on plaintiff's claim against National Mutual for work-loss benefits.

We have examined the published opinion of our Superior Court in Nye v. Erie Insurance Exchange et al., 307 Pa. Super. 464, 453 A.2d 677 (1982), and have made a number of telephone inquiries to the Prothonotaries of the Court of Common Pleas of Dauphin County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court in an effort to ascertain the present status of proceedings in that case. These inquiries have enabled us to ascertain that, due to the interposition of preliminary objections to plaintiff's complaint, local argument thereon, and appeals from the decision of the Court of Common Pleas of Dauphin County first to our Superior Court and thence to our Supreme Court, the pleading stage of the action has not yet been concluded. This being the case, no certification hearing has yet been held in Dauphin County, nor, indeed, will such a hearing ever be held, in view of the fact that our Supreme Court, in an order entered December 30, 1983 and filed January 24, 1984 in the Court of Common Pleas of Dauphin County, has dismissed the class action suit brought by C. William Nye, thus reversing our Superior Court and sustaining a decision which had been handed down by the Court of Common Pleas of Dauphin County on February 4, 1981.

Had the class action been allowed to continue in Dauphin County, that would have been the proper forum for presentation of plaintiff's claim for work-loss benefits, and there would be no need or justification for a separate action to protect her rights. However, we now know that, in view of the very recent decision by our Supreme Court, the Nye case will never be certified as a class action including "similarly situated" work-loss claimants such as plaintiff. A separate action is therefore both neces-

sary and justified, if plaintiff's rights are to be adjudicated.

Freeze v. Donegal Mutual Insurance Company, 301 Pa. Super. 344, 447 A.2d 999 (1982), holds that the estate of a deceased victim of a motor vehicle accident occurring on a public highway in Pennsylvania is entitled to recover work-loss benefits under our No-fault Motor Vehicle Insurance Act, and Sachritz v. Pa. National Mutual Casualty Insurance Co., 500 Pa. 167, 455 A.2d 101 (1982), affirming the earlier decision of our Superior Court in the same case, reported in 293 Pa. Super. 483, 439 A.2d 678 (1981), holds that any claim for-work loss benefits must be brought within the two year statute of limitations set forth in section 106(c) of the No-fault Act.

In this case the two year statute of limitations was tolled by the commencement of the Nye action on November 19, 1979, and, in our judgment, the period during which the running of the statute was tolled did not expire until entry of the order of our Supreme Court on December 30, 1983, dismissing the Nye class action. That being the case, the institution of suit on September 15, 1982 by Gerdi Deis, plaintiff herein, was well within the two year statute of limitations.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

1. Defendant's motion for judgment on the pleadings is denied; and

2. The Prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.