513 A.2d 397

Janet CAPANNA, Administratrix of the Estate of John Capanna, Deceased; and Janet Capanna, Individually, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued April 7, 1986.

Filed July 24, 1986.

Richard A. Lefchak, Philadelphia, for appellant.

David M. McCormick, Philadelphia, for appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, WIEAND, MONTEMURO, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

MONTEMURO, Judge:

On October 22, 1980, appellant's husband/decedent, John Capanna, died as a result of injuries suffered when the uninsured automobile which he owned and was operating on that day collided with another vehicle parked along the side of Interstate 95. On May 25, 1983, appellant submitted an application for basic loss benefits to the assigned claims bureau pursuant to the Pennsylvania Assigned Claims Plan (PACP).[1] Appellee, although assigned to process appellant's claims, has nevertheless refused to pay the claimed benefits.

On April 9, 1984, appellant filed a complaint in assumpsit setting forth three counts. The first count sought basic loss benefits in the nature of work loss benefits, medical expenses, and funeral expenses on behalf of the estate of appellant's decedent. The second count similarly sought work loss benefits, medical expenses, and funeral expenses

1. Act of July 19, 1974, P.L. 489, No. 176, art. I, § 108, 40 P.S. § 1009.108 (repealed).

yet alternatively on behalf of appellant as a "survivor". 40 P.S. § 1009.103. The third count sought "survivor's loss" benefits, *id.*, on appellant's own behalf. On April 24, 1984, appellee filed preliminary objections to appellant's Counts I and II in the nature of a demurrer. By an order and opinion dated June 13, 1984, the Honorable Alfred J. DiBona, Jr., dismissed the first count in so far as it sought work loss benefits and dismissed the second count *in toto*. No appeal was taken.

Thereafter, in response to appellee's June 25, 1984 motion for judgment on the pleadings with respect to appellant's third count, Judge DiBona dismissed that count by an order dated August 9, 1984. On September 7, 1984, appellant filed the following notice of appeal:

### NOTICE OF APPEAL

Notice is given that Janet Capanna, Administratrix of the Estate of John Capanna, Deceased; and Janet Capanna, individually, plaintiff above named, hereby appeals to the Superior Court of Pennsylvania from the final Order entered in this matter on August 9, 1984. *Further, notice is given that plaintiff hereby appeals to the said Court from the interlocutory Order entered in this matter on June 13, 1984.* (emphasis supplied).

■ Initially, we note that it is incumbent upon this court to consider the propriety of each appeal. *See Indiana County Hospital Authority v. McCarl's Plumbing & Heating Company*, 344 Pa.Super. 226, 496 A.2d 767 (1985). The appealability of an order may be raised *sua sponte. Id.*

In *Cloverleaf Development Inc. v. Horizon Financial F.A.*, 347 Pa.Super. 75, 500 A.2d 163 (1985), Judge Wieand cogently instructed as follows:

An appeal will lie only from a final order unless otherwise permitted by statute. 'A final order is usually one which ends the litigation or, alternatively, disposes of the entire case ... "Conversely, an order is interlocutory and not final unless it effectively puts the litigant 'out of

court.' " ' *Praisner v. Stocker,* 313 Pa.Super. 332, 336–337, 459 A.2d 1255, 1258 (1983) (citations omitted), quoting *Giannini v. Foy,* 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980). *See also Pugar v. Greco,* 483 Pa. 68, 72–73, 394 A.2d 542, 544–545 (1978); 42 Pa. C.S. § 742. 'As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable.' *Praisner v. Stocker, supra,* 313 Pa.Super. at 337, 459 A.2d at 1258. This is so because in most such instances 'the plaintiff is not out of court and is not precluded from presenting the merits of his cause of action.' *Id.,* 313 Pa.Superior Ct. at 338, 459 A.2d at 1258. However, the general rule is not without exceptions. Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory, with respect to those causes of action dismissed. The plaintiff is 'out of court' with respect thereto. *Id.,* 313 Pa.Superior Ct. at 339, 459 A.2d at 1258–1259. This is to be distinguished from the situation in which separate counts have been used to state alternate theories to support recovery on the same cause of action. In such cases, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action. *Id.,* 313 Pa.Superior Ct. at 341, 459 A.2d at 1260.

*Id.,* 347 Pa.Superior Ct. at 80–81, 500 A.2d at 166–67. The question instantly before us is whether Judge DiBona's June 13, 1984 order was "interlocutory", as described in appellant's notice of appeal, or whether in fact that order was final and appealable. If the June 13, 1984 order was final, then appellant's delay of nearly three months renders the appeal ultimately taken untimely as to that order. *See Praisner v. Stocker,* 313 Pa.Super. 332, 341 n. 3, 459 A.2d 1255, 1260 n. 3 (1983).

More specifically, the issue to be resolved is whether the June 13, 1984 order precluded appellant from pursuing

"separate and distinct causes of action". *See Cloverleaf Development, Inc. v. Horizon Financial F.A., supra,* 347 Pa.Super. at 81, 500 A.2d at 166. We find that it did.

The June 13, 1984 order effectively foreclosed both of appellant's claims to work loss benefits; namely on behalf of her decedent's estate and on her own behalf. The August 9, 1984 order foreclosed appellant's discrete claim to survivor's loss benefits. In his opinion announcing the judgment of the court in *Smiley v. Ohio Casualty Insurance Company,* 309 Pa.Super. 247, 455 A.2d 142 (1983), our former colleague Judge Robert Van der Voort (since retired) observed:

A work loss benefit is not a form of survivor's benefit, but is in the nature of reimbursement to the estate of the deceased for income he or she would probably have earned but for the accident. 40 P.S. § 1009.103.

Survivor's benefits, by way of distinction, are what a survivor might reasonably have expected to receive from the victim in money or services, had the victim not sustained the fatal injury. 40 P.S. § 1009.103.

Each is a separate type of benefit, the work loss benefit intended to reimburse the estate of the victim for lost earnings, and survivor's benefits to reimburse surviving family members for what they would have received had the victim lived. Both may be claimed in a single action. *A work loss claim is comparable to a survival action and a survivor's claim is comparable to a wrongful death action.* These conclusions were fully developed in *Heffner v. Allstate Insurance Co.,* 265 Pa.Super. 181, 190, 401 A.2d 1160 (1979), *affirmed,* 491 Pa. 447, 457–458, 421 A.2d 629, 636 (1980), and further reaffirmed and clarified in *Freeze v. Donegal Mutual Insurance Co.,* 301 Pa.Super. 344, 447 A.2d 999 (1982). *Freeze* has been followed in *Winegart v. State Farm Mutual Auto Insurance Co.,* 302 Pa.Super. 524, 449 A.2d 40 (1982), and *Reynolds v. Nationwide Mutual Insurance Co.,* 303 Pa.Super. 31, 449 A.2d 62 (1982); *Hartleb v. The Ohio Casualty Insurance Company,* 305 Pa.Super. 231, 451

A.2d 506 (1982); *Miller v. United States Fidelity and Guaranty Company,* 304 Pa.Super. 43, 450 A.2d 91 (1982).

*Id.,* 309 Pa.Superior Ct. at 252, 455 A.2d at 145 (emphasis supplied). In so far as work loss benefits and survivor's loss benefits are clearly separate and distinct in nature, we are of the opinion that claims to these respective benefits must also be viewed as separate and distinct.

We are bolstered in this resolve by the ready comparisons, employed by Judge Van der Voort above, between work loss claims and survival actions and between survivor's loss claims and wrongful death actions. *See also Sachritz v. Pennsylvania National Mutual Casualty Insurance Company,* 500 Pa. 167, 455 A.2d 101 (1982); *Midboe v. State Farm Mutual Automobile Insurance Company,* 495 Pa. 348, 433 A.2d 1342 (1981); *Krock v. Chroust,* 330 Pa.Super. 108, 478 A.2d 1376 (1984); *Daniels v. State Farm Mutual Automobile Insurance Company,* 283 Pa. Super. 336, 423 A.2d 1284 (1980); 42 Pa. C.S. §§ 8301, 8302. In *Gallick v. United States,* 542 F.Supp. 188 (M.D.Pa.1982), the district court, interpreting Pennsylvania law, observed "Although the survival and wrongful death statutes confer a right to recover damages growing out of a single incident ... nevertheless, *the rights of action are separate and distinct,* and cumulative not alternate." *Id.* at 190 (emphasis supplied). *See also Martin v. Swift,* 258 F.2d 797 (3d Cir.1958); *Schwab v. P.J. Oesterling & Son, Inc.,* 386 Pa. 388, 126 A.2d 418 (1956).

█ Accordingly, on their faces and by analogy, the work loss claims presented by appellant's first and second counts were separate and distinct from the survivor's loss claim presented by the third count. The June 13, 1984 order in effect put appellant "out of court" with respect to the pertinent claims dismissed thereby and, therefore, that order was in fact final and appealable. To the extent that the instant appeal addresses the June 13, 1984 dismissals, we find that appellant has failed to perfect her appellate rights.

Appellant's appeal from the August 9, 1984 dismissal of her third count, claiming survivor's loss benefits, is properly before us. As recently reiterated, we note the following standard of review:

In reviewing an order granting a motion for judgment on the pleadings, we 'accept as true the opposing party's well-pleaded averments of fact and consider against him only those facts which he specifically admits.' *Zelik v. Daily News Publishing Co.*, 288 Pa.Super. 277, 279, 431 A.2d 1046, 1047 (1981). In ascertaining the facts, we must examine only the pleadings and the documents properly attached thereto. *Gallo v. J.C. Penney Casualty Insurance Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984). 'No affidavits, depositions or briefs may be considered.' *Id.*, 328 Pa.Superior Ct. at 270, 476 A.2d at 1324. Judgment on the pleadings will be upheld only ' "in cases which are so free from doubt that trial would clearly be a fruitless exercise." ' *Id.*, 328 Pa.Superior Ct. at 270, 476 A.2d at 1324; *Balush v. Borough of Norristown*, 292 Pa.Super. 416, 437 A.2d 453 (1981).

*Spack v. Apostolidis*, 353 Pa.Super. 362, 363–364, 510 A.2d 352, 352 (1986).

Appellant contends that the court below erred in dismissing the third count of her complaint on the grounds that her claim for survivor's loss benefits was not presented to the assigned claims bureau within one year of her decedent/husband's death. "Survivor's loss" is defined in the No-Fault Act as:

(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

(B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury,

reduced by expenses which the survivor or survivors would probably have incurred but avoided by reason of the victim's death resulting from injury.

40 P.S. § 1009.103. We are of the opinion that the court below correctly construed the applicable sections of the No-Fault Act in finding this claim to have been time barred.

In *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company, supra,* our supreme court held: "Initial claims for survivor's benefits under the No-fault Insurance Act are subject to a *one year* limitation under Section 106(c)(2) as were wrongful death damages when the legislature, analogizing to them, passed the No-fault Insurance Act." 500 Pa. at 177, 455 A.2d at 107. Section 106(c)(2) provides:

(2) If no-fault benefits have not been paid to the deceased victim or his survivor or survivors, an action for survivor's benefits may be commenced not later than one year after the death or four years after the accident from which death results, whichever is earlier. . . .

Section 108(c)(1) sets forth the time limitations for presenting claims under the PACP and incorporates the time limitations of 106(c) as follows:

(1) Except as provided in paragraph (2) [claims against financially insolvent obligors] of this subsection, an individual authorized to obtain basic loss benefits through the assigned claims plan shall notify the assigned claims bureau of his claim within the time that would have been allowed pursuant to section 106(c) of this act for commencing an action for basic loss benefits against any obligor, other than an assigned claims bureau, in any case in which identifiable no-fault insurance coverage was in effect and applicable to the claim. (brackets supplied).

Appellant's claim for basic loss benefits was submitted to the assigned claims bureau on May 25, 1983, more than two years after her husband's death. It is therefore clear that, under sections 108(c)(1) and 106(c)(2), her claim was time barred. *See Zubris v. Pennsylvania Assigned Claims Plan,* 321 Pa.Super. 83, 467 A.2d 1139 (1983) (upholding the

dismissal of an action for No-fault benefits where the assigned claims bureau had not been presented with timely notice of the claim under sections 108(c)(1) and 106(c)(1)).

■ Appellant seeks to avoid application of the above provisions by arguing that section 106(c)(2) should be construed as encompassing a rule of discovery. Appellant cites *Bond v. Gallen,* 503 Pa. 286, 469 A.2d 556 (1983), for the proposition that limitation periods under the No-Fault Act do not begin to run until the claimant knows or, in the exercise of reasonable diligence, should have known that a cause of action exists. Appellant specifically argues that, despite her exercise of reasonable diligence, her husband's uninsured status was not ascertainable until 1983. We find that appellant has read *Bond v. Gallen, supra,* too broadly. That case involved only the narrow question of whether the two year statute of limitations on tort actions begins to run prior to the claimant's becoming aware, in the exercise of reasonable diligence, that one of the monetary thresholds of section 301(a) (setting forth the exceptions to the No-Fault Act's abolition of tort liability) has been reached. *Bond v. Gallen, supra,* does not construe either section 106 or 108 of the Act and is therefore inapposite to the instant case.[2]

We decline to accept appellant's invitation to read a qualifying element into the clear time limitation of sections 106(c)(2) and 108(c)(1). We find the following statement from *Smiley v. Ohio Casualty Insurance Company, supra,* to be instructive:

As we read the various time limitations contained in No-fault section 1009.106(c), we sense an attempt to cover all possible claims under the No-fault Act and to establish an interrelationship between the several sentences which state those limitations. Despite the fact that at least two

**2.** Appellant also relies on *Rigotti v. J.C. Penney Casualty Ins. Co.,* 13 Pa.D. & C.3d 472 (1985). Apart from the fact that *Rigotti* is not compelling authority, that case involved section 106(c)(1) (applicable to losses arising other than from death) rather than section 106(c)(2)(applicable to actions for survivor's benefits). Unlike section 106(c)(2), section 106(c)(1) *does* contain language encompassing a period of reasonable diligence in ascertaining "that the loss was caused by the accident."

situations have arisen which were not covered by the Act and, therefore, fell under the general six-year limitation relating to contract actions, *Wright v. Allstate Insurance Co.*, 271 Pa. Superior Ct. 559, 414 A.2d 395 (1979), [overruled by *Sachritz v. Pennsylvania National Mutual Casualty Ins. Co., supra*] and *Guiton v. Pa. National Mutual Casualty Insurance Co.*, 301 Pa. Superior Ct. 146, 447 A.2d 284 (1982), we should not strain statutory language to increase the number of such unintended exceptions.

309 Pa.Super. at 257, 455 A.2d at 148.

■ Appellant next argues that, pursuant to section 106(c)(4), she was entitled to notice from appellee of its rejection of her claims to benefits and to an additional sixty days after receipt of that notice to bring an action against appellee. Section 106(c)(4) provides a special time limitation for assigned claims cases:

[A]n action by a claimant on an assigned claim *which has been timely presented* in accordance with the provisions of section 108(c) of this act may not be commenced more than sixty days after the claimant receives written notice of the rejection of the claim by the restoration obligor to which it was assigned. (Emphasis supplied and footnote omitted).

Appellant contends that since she has never received written notice of appellee's rejection of her claims for basic loss benefits, the sixty day grace period renders the third count of her complaint timely initiated. We disagree.

It is plain that section 106(c)(4) comes into play only if the original claim has been *timely* presented to the assigned claims bureau in accordance with section 108(c). The case upon which appellant relies, *Warren v. Reliance Insurance Co.*, 318 Pa.Super. 1, 464 A.2d 487 (1983), clearly holds that a claimant is entitled to written notification of rejection by the assigned claims obligor, and then to a sixty day period from that notice within which to bring an action, *only* if the claimant has filed a timely claim with the assigned claims bureau pursuant to section 108(c). Since appellant's claim

was not timely presented to the assigned claims bureau, we find her argument to be without merit.

Appellant's final contention is that the trial court erred in refusing to grant her leave to amend her complaint. The right to amend should generally be allowed where a defect in pleadings can be cured. *See Puleo v. Broad Street Hospital,* 267 Pa.Super. 581, 407 A.2d 394 (1979). However, we have been unable to discover, and appellant has failed to offer, any possible amendment to the complaint with which appellant could have cured her third count's defect. We accordingly find no abuse of discretion on the part of the court below. *See Klein v. Raysinger,* 302 Pa. Super. 248, 448 A.2d 620 (1982), *aff'd and remanded,* 504 Pa. 141, 470 A.2d 507 (1983).

In light of the foregoing discussion, we dismiss appellant's appeal from the June 13, 1984 order of the court below. We affirm the order dated August 9, 1984.

Appeal from the June 13, 1984 order is dismissed. August 9, 1984 order is affirmed.